Commonwealth ex rel. Udis, Appellant, *v.* Udis.

Argued October 13, 1953. Before RHODES, P. J., HIRT, RENO, ROSS, GUNTHER, WRIGHT and WOODSIDE, JJ.

*James N. Lafferty,* with him. *Bryan A. Hermes,* for appellant.

*Morton Silver,* for appellee.

OPINION BY GUNTHER, J., December 29, 1953:

This is an appeal by a wife from an order dismissing her petition for support.

The basic issue in this case is whether the wife left the marital abode without good cause. The primary evidence was given by the husband and wife, and their testimony is irreconcilable at several fundamental points.

The wife's testimony alleged the following facts. In June, 1951, her husband drove her to Atlantic City where she was to visit her parents. A few weeks later she returned home to Philadelphia to secure medical treatment for their child and was ordered out of the

house by the husband. She returned only once, in September, 1951, in order to remove personal belongings, and was not requested then or at any time by her husband to resume cohabitation.

On the other hand, the husband testified as follows. He disapproved her going to Atlantic City, but drove her there as the lesser of two evils. When she returned home nothing untoward occurred and she returned to New Jersey. Thereafter he visited her twice, at which times arguments occurred over various trivia. From then on he was unable to contact her, being refused telephonic communication. When she returned in September to get her belongings, he approached her with reconciliation in mind, but she said she was through with him and was leaving. After the first hearing in this cause he went to her and asked her to return but she refused.

At the first hearing both parties expressed a desire for reconciliation and the case was continued. The wife testified that he never made any offer or approach to her thereafter, but his testimony is directly contradictory thereto.

The only legal cause justifying a husband in refusing to support his wife is conduct on her part that would entitle him to a divorce. A voluntary withdrawal of the wife from her husband without adequate legal reason would therefore defeat her right to support, because a wilful and malicious desertion will be presumed. *Commonwealth ex rel. Myerson v. Myerson*, 160 Pa. Superior Ct. 432, 51 A. 2d 350. The function of this court is to determine whether there is sufficient evidence to sustain the court below or whether the court below was guilty of an abuse of discretion. *Commonwealth ex rel. Kenny v. Kenny*, 169 Pa. Superior Ct. 152, 82 A. 2d 552.

Credibility is the keystone in this case. The court below clearly found that the husband's testimony was the more credible and entered an order accordingly. There is no reason to disturb that decision or to infer an abuse of discretion. The husband's testimony establishes that his wife separated herself without his consent and without valid legal reason. The wife's contention that their separation was consensual is without merit in view of the husband's testimony, which was accepted by the court below.

It is also contended that the failure of the court below to make specific findings of fact vitiates any basis for its order and makes inapplicable the rule that we may reverse only for an abuse of discretion. Although findings in support of the order may be helpful, they are not required and their absence does not change the scope of our review. *Commonwealth v. Elliott,* 157 Pa. Superior Ct. 619, 43 A. 2d 630.

Order affirmed.