## Commonwealth *v.* Williams, Appellant.

Argued March 25, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*John C. Clemmens,* with him *Samuel R. Liever,* for appellant.

*Clarence C. Mendelsohn,* Assistant District Attorney, with him *Edward D. Trexler, Jr.,* Assistant District Attorney and *Henry M. Koch,* District Attorney, for appellee.

OPINION BY GUNTHER, J., July 21, 1955:

This is a nonsupport proceeding brought by defendant's wife for the benefit of her and their two children. The court below entered an order in the amount of $75 per week and defendant has appealed.

Defendant raises the issue of whether his wife is entitled to any support whatsoever, alleging that she is in effect guilty of desertion. The parties were married in February, 1947. They were twice separated in 1949 and 1950. They remained together from May 1950 until April 1954 at which time defendant took a job in Philadelphia, the wife remaining in their home in Berks County. She has refused to join him because of his conduct during their cohabitation. The court below held that she was justified in this course of action, because her testimony revealed that defendant was guilty of neglect, contempt, physical abuse and an affair with another woman. Although defendant denied much of her accusations of bad conduct, his testimony contains many admissions and the court below clearly found her more credible. The function of this court is to determine whether there is sufficient evidence to sustain the court below or whether there was an abuse of discretion. *Com. ex rel. Udis v. Udis,* 174

Pa. Superior Ct. 624, 101 A. 2d 144. Viewed in this light our review of the evidence reveals that it is more than sufficient to support the decision of the court below and to warrant the wife in refusing to resume cohabitation until defendant makes a serious effort at reform. His affair with the other woman was an indignity enough to give her adequate grounds at law for assuming her present position. A husband, in order to defeat his duty to support, must show conduct by his wife that would entitle him to a divorce. *Com. ex rel. Udis v. Udis,* supra. This defendant has not met that burden, having failed to show a desertion without good cause. His formal offer of reconciliation through an attorney, under the circumstances, lacks the ring of good faith required to change a separation into desertion, as the court below so found, in effect.

Objection is also taken to the size of the order of support, $75 a week for the wife and two children. Defendant points to his pay slips for the three months immediately prior to the hearing indicating an income of only $84.87 per week. However, he had income for 1951 of about $11,000, and in excess of that amount in 1952 and 1953. During the first half of 1954 he earned in excess of $10,000. Defendant contends that the new low income is due to the fact that his employer moved him to Philadelphia into a situation where the opportunities for promotion are better, but that his income will remain about $84 until his wife joins him because his employer won't promote men with marital difficulties. There were no witnesses to corroborate these claims and the court below clearly placed little credibility in them. Furthermore defendant, when asked what happened to the $10,000 he had earned already in 1954, replied: "I spent it. I spent it on myself and investments."

An order of support may be based not only on a husband's actual earnings but on his earning power as well. *Davidsen v. Davidsen,* 175 Pa. Superior Ct. 123, 103 A. 2d 296; *Com. ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437. The evidence here establishes that defendant's earning power for several years was in excess of $10,000 a year and that he is working for the same company from which he earned over $10,000 in 1954, the year of the support hearing. It is a very suspicious circumstance when his income suddenly drops more than half just prior to a support hearing. Also, he testified that he could regain employment at any time with prior employers from whom he had made large amounts of money. The evidence clearly justifies the amount of this order.

Order affirmed.