Commonwealth ex rel. Spielvogel *v.* Spielvogel, Appellant.

Argued March 19, 1956. Before HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (RHODES, P. J., absent).

*Samuel Moonblatt,* with him *Gabriel Berk,* for appellant.

*David Kanner,* for appellee.

OPINION BY WRIGHT, J., April 11, 1956:

This is an action by Rosalie Spielvogel against her husband, Joseph Spielvogel, in which the wife seeks support for herself and two minor children, Roberta, born December 5, 1941, and Michael, born February 1, 1945. Following a hearing, at which the only testimony was that of the parties themselves, the lower

court entered an order in the sum of $75.00 per week. The husband has appealed.

The sole question involved is the amount of the order. The wife asked for $100.00 per week, whereas appellant's counsel suggests in his brief "that an order for $44.00 per week would be just". The parties were married on August 31, 1940, and separated on or about April 15, 1955. The husband works at the Golden Slipper Club in New York City. He contends that he is merely an employe receiving $100.00 per week. The wife contends that her husband is one of the owners, not only of the club in New York but also of a similar club in Philadelphia. Prior to the separation, the husband gave his wife $100.00 per week and paid certain household bills. In addition the wife received $50.00 for part time work at the Philadelphia club. The wife testified that her husband told her that he was earning $400.00 per week. Further that, during a conference concerning a property settlement, he offered to pay her $100.00 per week, and to make the payments of $58.00 a month on the dwelling mortgage. Following the separation, the wife was compelled to secure employment and is presently earning $40.00 per week. In his opinion for the court below, Judge Gilbert states that he was not impressed with appellant's testimony, and that it would be "straining credulity too far" to accept his story that, for some unexplained reason, his financial means took a sudden drop coincidental with the separation.

In a support proceeding the appellate court will not interfere with the determination of the court below unless there has been a clear abuse of discretion: Davidsen v. Davidsen, 175 Pa. Superior Ct. 123, 103 A. 2d 296. The court is not restricted to a husband's actual earnings, but is entitled also to consider his earning power, and this is particularly true where there may

be some question as to the husband's good faith: *Commonwealth ex rel. Schofield v. Schofield,* 173 Pa. Superior Ct. 631, 98 A. 2d 437. The case at bar is similar in many respects to that of *Commonwealth v. Williams,* 178 Pa. Superior Ct. 313, 116 A. 2d 297 in which we affirmed an order of $75.00 a week for a wife and two children, although the husband adduced evidence that he was earning only $85.00 per week.

Appellant stresses the fact that most of his testimony was given when he was called as of cross-examination by his wife's counsel. He therefore contends that his testimony "must be held to be binding upon the wife", citing: *Readshaw v. Montgomery,* 313 Pa. 206, 169 A. 135; *Conley v. Mervis,* 324 Pa. 577, 188 A. 350; and *Peters v. Shear,* 351 Pa. 521, 41 A. 2d 556. These cases are authority for the proposition that a party calling his opponent as for cross-examination is concluded by his testimony if uncontradicted. Whether or not this general rule applies to parties in a nonsupport proceeding, it is subject to the exception that there may be such a degree of improbability in the testimony as to deprive it of credit and indicate that the witness is unworthy of belief: *Matthews v. Derencin,* 360 Pa. 349, 62 A. 2d 6; *Bogdanoff v. Manis,* 346 Pa. 243, 30 A. 2d 321; *Pfordt v. Educators Beneficial Association,* 140 Pa. Superior Ct. 170, 14 A. 2d 170. Moreover, appellant's testimony in the case at bar was contradicted by the testimony of his wife in all material aspects.

Appellant further contends that the order was based upon testimony which was inadmissible. He argues that the lower court erred in receiving testimony concerning the conference between the husband and wife, and their respective attorneys, during which the offer of compromise was made. At the time of the hearing appellant objected to the testimony in question on the ground that his statements were confidential communi-

cations. He now contends that the testimony was improperly received because it constituted an offer to settle a pending controversy, and was not an admission of liability, citing: *McJunkin v. Kiner,* 157 Pa. Superior Ct. 578, 43 A. 2d 608; and *Berry v. Heinel Motors,* 162 Pa. Superior Ct. 52, 56 A. 2d 374. A party complaining on appeal of the admission of evidence objected to in the court below will be limited to the specific objection made at the trial: *Huffman v. Simmons,* 131 Pa. Superior Ct. 370, 200 A. 274; *Pennsylvania Company v. Philadelphia Electric Co.,* 331 Pa. 125, 200 A. 18. In any event, the testimony in the case at bar was adduced on the question of amount, not liability.

Our review of the record has satisfied us that the determination of the court below was fully justified, and that there was no abuse of discretion.

Order affirmed.