## Commonwealth ex rel. Zehring *v.* Zehring, Appellant.

Argued March 17, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Henry N. Fineman,* with him *Morris Passon,* for appellant.

*George V. Famiglio,* for appellee.

OPINION BY GUNTHER, J., June 11, 1958:

This appeal involves the propriety of increasing a support order for the support of a wife and two minor children. At the first hearing the court below entered a support order of $60.00 per week, being $30.00 for the support of the wife and $15.00 each for the support of two minor children then of the ages of nine and four respectively. On March 15, 1957, at the time the original order was entered, and for a couple of months thereafter, the appellant, John Zehring, also paid the mortgage on the family home, telephone, water, gas and electric bills. In June of the same year, appellant left the common abode and thereafter discontinued all payments except the support order as entered.

In July, 1957, the wife relatrix filed a petition to increase the original order alleging, inter alia, that appellant had ceased to make the various monthly payments for utilities and mortgage payments and asked that by reason of this nonpayment, the original support order be increased. Testimony was taken, and at the conclusion of the hearing, the court below increased the order of support from $60.00 per week to $90.00 per week, being $50.00 for the support of the wife and $20.00 each for the two children.

The wife testified that in June, 1957, the husband left the common home. Prior to leaving, he paid the monthly mortgage installments of $92.00 on a jointly owned home, certain items of utility and services, which payments averaged approximately $163.00 per month. She further stated that after the departure of the husband, her mother came to live with her and paid $5.00 per week to defray her living expenses. She was compelled to seek part-time employment which grossed her about $25.00 per week and, during the period of her absence, her mother helped out with the children.

Shortly after the departure of the husband, a representative of the gas and electric companies came to the home to turn off the services for non-payment of bills; that the water company threatened to shut off the water supply; that the telephone had been removed from the home, and that the mortgage was three months in arrears and the mortgagee had sent out a notice of foreclosure. In addition, payment of premiums for hospitalization benefits were terminated. These were not denied by the husband.

The husband testified to a drop in his income owing to the loss of clients in his profession as a public accountant and auditor. He produced a statement showing an average profit per week after taxes of $126.22 for 1956, and of $116.22 for the seven months ending July 31, 1957. Both of these averages, however, were arrived at by deducting sizable amounts for business depreciation. He testified that he was compelled to live in his office and to have his meals in a diner; that his bank account was overdrawn and that he owed over $2,000.00 on notes and bills; that he owned jointly with his wife a seashore property worth approximately $4,000, a pleasure boat which was in dry dock and which he was trying to sell, a business property in Delaware County jointly owned with another married couple, and property in Florida in which he had a small equity. In addition, both the husband and wife owned a second mortgage upon which approximately $29.00 per month was paid but that the husband collected all of the monthly payments and applied the same to the reduction of a joint debt. In effect, he testified that even under the prior order for support he was getting deeper and deeper into debt and that he was compelled to eliminate certain items of expenses which he had been paying before.

Appellant here contends that the increased order of support imposed by the court below was made without regard to the obligations assumed by the husband in the prior proceeding; that the order entered is intended as punishment rather than support; and that the court below abused its discretion in increasing the order. The court below stated in the beginning of the second hearing that it was familiar with the testimony of the first hearing, particularly as to the circumstances surrounding the imposition of the order. A transcript of the first hearing was filed as a part of the record on this appeal and an examination of that record supports the inference that the first order, as entered, was made in contemplation of the husband continuing the mortgage and utilities payments. In view of the fact that under the increased order of support, the wife will be required to make the mortgage payments on the jointly owned home, such payments will inure to the husband's benefit as well as to the wife's benefit both as to the increase of their respective equities as well as to the payment of taxes. Furthermore, the wife's testimony in this regard was not denied by the husband. On the contrary, it appears that after the original order of support was entered, the husband did continue to make these payments for at least a month prior to his refusal to make further payments.

We do not consider the increased order as punishment. The sole aim of any support order is to secure such an allowance for the support of a family as is reasonable considering the property, income and earning capacity of the husband and the condition or station in life of the family. *Commonwealth v. Mercer,* 163 Pa. Superior Ct. 80, 60 A. 2d 572. However, in a support proceeding, the court is not restricted to the husband's actual earnings, but may consider his earning power and the nature and extent of his property

and other financial resources. *Commonwealth v. Williams,* 178 Pa. Superior Ct. 313, 116 A. 2d 297; *Commonwealth ex rel. Davidoff v. Davidoff,* 178 Pa. Superior Ct. 549, 115 A. 2d 892; *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147. Neither do we consider the increased order as an abuse of discretion. The record amply justifies the inference that the husband appellant was not acting in good faith and that the attempt to show diminution in income or earnings was brought about by a desire to either reduce the original order or to preserve the status quo.

The judgment and order of the court below is affirmed.