## Commonwealth ex rel. Spitzer *v.* Spitzer, Appellant.

442

Argued April 11, 1960. Before Rhodes, P. J., Gunther, Wright, Woodside, Ervin, Watkins, and Montgomery, JJ.

*Allen N. Brunwasser,* for appellant.

*Thomas H. Cauley,* for appellee.

Opinion by Woodside, J., June 15, 1960:

This is an appeal by the defendant from an order of the County Court of Allegheny County directing him to pay $50 per week for the support of his two children, Carol 8 and Danny 13.

The appellant contends that the court below was without authority to make an order in this case because (1) "The record is devoid of evidence as to defendant's earnings and earning ability, property, station and family circumstances at the time of the hearing;" (2) the father is voluntarily providing suitable maintenance; and (3) the court refused his request to permit him to support the children partly in cash and partly in goods. His main contentions are, therefore, that he is adequately supporting the children, but there is no evidence that he can adequately support them.

The children reside with their mother, who is a trained social worker employed by the Board of Education at a take-home salary of $379 per month for ten months a year. The parents separated in February 1958 and were divorced August 28, 1959.

The defendant, according to his brief, is self-employed. Arguing that an order will hamper and hinder him in his profession as a real estate broker, he hopes to avoid any order of support for his children by refusing to testify or give any information concerning his income or his estate.

Presumably, every able bodied man has earning capacity. The defendant was before the trial judge. If he were sick or crippled or aged, such fact would have been evident to the court. Through his counsel, defendant has indicated that he is a real estate broker, and that he intends to carry on that profession. Through his counsel, he has claimed his ability to pay $25 per week and for all clothing and doctor bills of the children. There is evidence that during the summer prior to the hearing the father voluntarily paid for camp for one of the children. Counsel for the defendant volunteered that his client spent $200 at the Rodel Shalom where the children were registered for Sunday School.

The defendant argues that the court must have direct evidence of the father's present earnings and estate. Refusing to provide any such information, he argues that there are ways to obtain this information, "if effort was exerted." It must be noted here that the defendant is not a salaried employe, but according to his counsel, is a self-employed real estate broker. In income tax evasion cases, dozens of highly trained specialists have spent months, even years in an effort, sometimes futile, to prove the income of one person. Detailed evidence of the earnings of an unco-operative self-employed parent attempting to avoid an order of support for his children is neither possible nor required. If it were, the more destitute the children and the richer the recalcitrant father, the more hopeless it would be to obtain an order of support. The law never intended to establish such technical roadblocks in the enforcement of so basic a natural law as the duty of a father to support his children.

The duty of parents to provide for the maintenance of their children is a principle of natural law; an obligation laid on them by nature itself. 1 Blackstone's Commentaries, 447. There is no law of life more universal, nor more ancient. It is the purpose of man made law to enforce this duty and not to create technicalities whereby the duty created by natural law can be avoided.

Although the evidence of the father's earning capacity is meager, there is evidence from which the court could conclude that this defendant was of sufficient means and ability to support his children to the extent of the order. The defendant admits he is engaged in a professional pursuit. He presented no evidence that he has any other dependents, or any unusual expenses or debts, or disabilities. From the evidence, it appears that the father has the earning capacity of a profes-.

sional person, and has been able in the past to support in a satisfactory manner not only himself and his two children, but also a wife from whom he is now divorced.

The appellant contends that he is voluntarily furnishing suitable maintenance for the children. The mother provides a home for the children in a house owned by her. The evidence shows that she was buying most of their clothing. When the defendant's counsel suggested that the defendant would pay the clothing and medical bills for the children, the mother said "I cannot wait for him." She said "Every time we ask, I have to wait for months." The defendant's counsel, in effect testifying for his client who refused to testify, indicated by records that the defendant spent $38.61 for the children's clothing from January 1, until September 22, 1959. The defendant's counsel admits that the defendant owed a substantial medical bill for the children. There is evidence that the wife also gave the children spending money. The wife said that she was paying all the education, rent, food, camps and violin lessons. Counsel for the wife was "willing to say she was paid $25 on an average a week" for the support of the children. The evidence shows that the defendant was not voluntarily providing suitable maintenance for his children at the time of the hearing.

The defendant's offer, made through his counsel, to support his children was limited to such amount, to be paid under such conditions and in such manner as met his fancy. That he supported the children prior to his separation does not refute the evidence that he was not supporting them adequately at the time of the hearing.

Under certain circumstances, trial courts have found it advantageous to order a defendant in a non-support action to pay not only to the benficiary but also to pay directly certain expenses of the beneficiary and to furnish certain goods in kind to the beneficiary.

We have approved such orders. *Commonwealth ex rel. Zehring v. Zehring*, 186 Pa. Superior Ct. 393, 142 A. 2d 397 (1958); *Commonwealth ex rel. Voltz v. Voltz*, 168 Pa. Superior Ct. 51, 76 A. 2d 464 (1950). It does not follow that a defendant has a right to choose what part of an order he will pay in cash and what he will furnish in goods. There is always the advantage of certainty in an order to pay cash. If the trial court, with the parties before it, considers it advisable to direct some payments in kind or directly to one furnishing goods or service to the children, its discretion ordinarily will not be disturbed on appeal. But, the matter is in the discretion of the court, and ordinarily no objections can be made on appeal to an order directing payment in cash. To make an order to pay for "clothing" would undoubtedly lead to endless bickering in a case where the defendant is as uncooperative as the defendant has shown himself to be in this case.

In a nonsupport case, we do not interfere with the determination of the court below unless there is a clear abuse of discretion. *Commonwealth ex rel. Voltz v. Voltz*, supra. We find no clear abuse of discretion in the entry of the order in this case.

Order affirmed.