Commonwealth ex rel. Kane *v.* Kane, Appellant.

Argued June 20, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Malvin L. Skaroff,* with him *Skaroff and Skaroff,* for appellant.

*Sydney Finkelstein,* with him *Herbert S. Levin,* for appellee.

OPINION BY WRIGHT, J., September 16, 1960:

This is an appeal by Bernard Kane from an order of the Municipal Court of Philadelphia County requiring him to pay the sum of $60.00 per week for the support of his two minor children, Andrea Kane, born December 8, 1948, and Sherri Kane, born August 26, 1953.

The children are in the custody of their mother, Gloria Kane, by virtue of an order of the Court of Common Pleas of Montgomery County.

Bernard and Gloria were married on November 22, 1947, and separated on May 1, 1959. A decree in divorce was entered on January 13, 1960, as the result of an action which Gloria instituted. During their marriage the parties lived in a luxurious manner. They owned a $40,000.00 home in Elkins Park, furnished at a cost of $20,000.00. They employed a maid and a day worker for domestic duties, and a gardener to look after the grounds. They kept two automobiles, an Oldsmobile convertible and an Oldsmobile station wagon. Bernard belonged to an exclusive country club, in which the initiation fee was $3,300.00 and the annual dues $400.00. He was engaged in the demolition business, and had various real estate interests. Because of business reverses, Bernard and Gloria filed a petition in bankruptcy in April, 1958, from which there has been no discharge. As a result, their standard of living was somewhat curtailed. However, they still managed to enjoy the privileges of the country club, and kept their home, although the day worker was released and the station wagon was sold. From the date of separation until about ten weeks before the hearing on April 26, 1960, Bernard was voluntarily paying $85.00 a week for the children's support, in addition to their medical expenses and some clothes. Since that time he has contributed nothing. Gloria works as a secretary for the Philadelphia Lyric Opera Company at a take-home pay of $48.75 a week. She has had to borrow substantial amounts from her mother, who lives with her, in order to maintain the children. Bernard is presently paying $20.00 a week restitution as the result of a conviction of fraudulent conversion in the municipal court, and is also paying $25.00 a month on

a fine imposed because of a similar conviction in federal court.

Appellant's statement of the question involved on this appeal is as follows: "Is an order of $60.00 a week for the support of two minor children justified where the testimony shows that the defendant is earning a salary of $60.00 to $70.00 per week?" He argues that we "must look to the realities", and that the former standard of living was a "bubble that burst".

The testimony as to appellant's present earnings and assets was in direct conflict. Considerable weight must therefore be given to the conclusion of Judge STOUT, who had an opportunity to see and hear the parties. Cf. *Commonwealth v. Wingert,* 173 Pa. Superior Ct. 613, 98 A. 2d 203. As stated in her able and exhaustive opinion: "Appellant does not rate high on the scale of credibility. It is apparent that he has used his brothers as well as his friends, to conceal his real earning power and his assets". In *Commonwealth ex rel. Wills v. Bonetti,* 190 Pa. Superior Ct. 335, 154 A. 2d 404, we said: "The credibility of the respondent was for the trial judge . . . and on the present record the lower court cannot be charged with an abuse of discretion in finding that defendant has sufficient resources in property and in earning power to comply with the order". It is well settled that an order of support may be based, not only on actual earnings, but on earning power as well: *Commonwealth v. Williams,* 178 Pa. Superior Ct. 313, 116 A. 2d 297. In proceedings of this nature we will not interfere with the determination of the court below unless there has been a clear abuse of discretion: *Commonwealth ex rel. Kreiner v. Scheidt,* 183 Pa. Superior Ct. 277, 131 A. 2d 147; *Commonwealth ex rel. Trichon v. Trichon,* 189 Pa. Superior Ct. 395, 150 A. 2d 176. Having carefully reviewed this original record, we find no abuse of discretion in the case at bar.

While our opinion might well end at this point, we deem it advisable to briefly set forth certain factors which indicate that the court below was fully justified in making the order here under attack. Appellant frequents the more expensive cabarets and supper clubs of Philadelphia and vicinity. He purchases his clothing at an exclusive men's shop, and appeared at the hearing immaculately clad in a new suit. He obtains manicures and hair cuts at one of Philadelphia's most expensive salons catering to men's grooming. In November, 1959, he spent a vacation of ten days to two weeks in luxury hotels in Miami Beach. He drives a 1959 Chevrolet Impala convertible coupe which is licensed and titled in the name of one George Badame.[1] During the early part of 1960 appellant was employed at a salary of $160.00 per week with a paint company, in which a brother has an interest. At the time of the hearing he was purportedly employed in the business of another brother at only $65.00 a week. Several weeks before the hearing, while in an exclusive women's apparel shop, appellant "pulled a $100.00 bill from a roll of bills", and endeavored to persuade Gloria to buy a dress. Prior to the filing of this action for support, appellant offered Gloria $185.00 per week for support of herself and their two children, if she would continue to "have relations" with him. There was testimony that appellant, in addition to the employment afforded him in various companies controlled by his brothers, was once again engaging in demolition work. He informed Gloria that he had an income of approximately $400.00 a week.

---

[1] Discussing the testimony as to Badame's claim of ownership, the hearing judge stated: "It is also incredible that appellant has no ownership interest in the 1959 Impala Chevrolet, the down payment for which was made by brother Saul but the title of which is registered in the name of a friend who has no car of his own".

In summary, we agree with the court below that this appellant "not only has earning power, but job availability".  Under such circumstances the hearing judge was not restricted to the amount of present earnings which appellant admitted, particularly since there was a serious question as to his good faith: *Commonwealth ex rel. Misciagna v. Misciagna,* 188 Pa. Superior Ct. 324, 146 A. 2d 643.  See also *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886; *Commonwealth ex rel. Zehring v. Zehring,* 186 Pa. Superior Ct. 393, 142 A. 2d 397; *Commonwealth ex rel. Litz v. Litz,* 190 Pa. Superior Ct. 310, 154 A. 2d 420; *Commonwealth ex rel. Spitzer v. Spitzer,* 192 Pa. Superior Ct. 441, 161 A. 2d 632.

Order affirmed.