## Commonwealth *v.* Deose, Appellant.

Argued December 12, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

*Richard A. Rosenberger,* with him *Emanuel H. Klein,* for appellant.

*Ward F. Clark,* Assistant District Attorney, and *Paul R. Becket,* District Attorney, for Commonwealth, appellee, submitted a brief.

OPINION BY WRIGHT, J., March 22, 1961:

This is an appeal by Daniel Deose from an order of the Court of Quarter Sessions of Bucks County entered September 23, 1960, requiring him to pay the sum of $12.00 per week for the support of his wife, Helen Deose.

The parties were married on July 13, 1957, each for the second time. The bride was a widow with four children, and the groom was a widower with four children also. At the time of the hearing the wife was 47, and the husband 50 years of age. The parties set up housekeeping in the wife's home in Quakertown, Pennsylvania. The household from and after the marriage consisted of the wife and three of her children, and the husband and his eleven year old daughter. As might have been anticipated, the resulting adjustment was difficult. The husband's daughter refused to ac-

cept the wife's authority, and the husband did not comply with his wife's meticulous housekeeping requirements. Matters eventually deteriorated to such an extent that the parties engaged in the frequent use of violent and abusive language. On one occasion the husband forcibly ejected the wife's nineteen year old son from the home. The final separation occurred on June 19, 1960, when the husband withdrew from the common habitation.

Appellant's theory is that he established a case of indignities which required dismissal of his wife's action for support. As a corollary, appellant contends that the hearing judge actually felt that he was justified in leaving his wife, but "labored under the erroneous conclusion that his failure to impose an order of support in favor of the wife would prejudice subsequent divorce proceedings". There is no complaint about the amount of the order. The theory of appellee is that appellant did not meet "his burden of proof to avoid liability for supporting his wife".

The only legal cause justifying the refusal of an order of support is conduct on the part of the wife which would constitute valid grounds for a divorce: *Hyle v. Hyle*, 188 Pa. Superior Ct. 20, 145 A. 2d 889; *Commonwealth v. Cooper*, 183 Pa. Superior Ct. 36, 128 A. 2d 181; *Commonwealth ex rel. Testa v. Testa*, 164 Pa. Superior Ct. 413, 65 A. 2d 257. In a support proceeding, the trial judge, who sees and hears the witnesses, is in better position than the appellate court to decide the issue on its merits: *Commonwealth ex rel. Worner v. Worner*, 183 Pa. Superior Ct. 58, 127 A. 2d 812; *Commonwealth ex rel. Pinkenson v. Pinkenson*, 162 Pa. Superior Ct. 227, 57 A. 2d 720. We will not interfere with the determination of the court below unless there has been a clear abuse of discretion: *Commonwealth ex rel. Kane v. Kane*, 193 Pa. Superior Ct. 98, 163 A. 2d 925; *Commonwealth ex rel. Kreiner v.*

*Scheidt,* 183 Pa. Superior ·Ct. 277, 131 A. 2d 147; *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886.

. This appellant withdrew from the common abode. He was not ejected therefrom. The record discloses that the wife was willing to effect a reconciliation, but the husband refused.[1] Without burdening this opinion with further discussion, we will simply state that appellant has failed to convince us that the hearing judge abused his discretion in entering this modest order of support. We quote with approval the following excerpt from Judge FULLAM'S perceptive opinion:

. "In the remarkably frank and unrestrained testimony of both parties we find ample evidence that both parties were and are quick-tempered and out-spoken. It further appears that neither of the parties fully appreciated the adjustments that would be required, not only of themselves, but also of their respective children, if the new amalgamated household were to be a happy one . . .

"During the relatively brief span of their life together, the parties managed to argue vociferously about a wide range of topics . . . But as to most of the arguments of the parties, the fault appears to have been about equally divided . . .

"One point upon which the evidence was in conflict was whether or not the ultimate separation of the parties had been planned in advance by the defendant . . . However, a married daughter of the relatrix testified to a conversation with the defendant a week or two previous to the final separation, in which the defendant advised her that he was leaving her mother and that he was going to move. We found the testi-

---

[1] "By the Court: Q. Mr. Deose, what is your attitude toward getting back together with your wife? Would you be willing to? A. No".

470

mony of this witness to be entirely credible, and note that throughout her testimony she appeared to be able to view the conduct of both parties objectively . . . On this issue, we resolve the question of credibility in favor of the position taken by the relatrix.

"In any event, it is clear that the husband withdrew from the common abode, and was not physically ejected therefrom. He can escape liability for support only by proving he has grounds for divorce . . .

"After considering all of the evidence in this support proceeding, we were and are unable to conclude that the defendant had met the burden of proof in this respect. We do not feel that the defendant has shown himself to be an 'injured and innocent spouse'.

"Moreover, the element of 'settled hate and estrangement' on the part of the wife is lacking in this case . . . We were convinced at the hearing that Mrs. Deose is very fond of her husband. Her several attempts at reconciliation since June 19, 1960—including a 'standing offer' made from the witness stand—were unquestionably sincere".

Order affirmed.