## Commonwealth ex rel. McCuff *v.* McCuff, Appellant.

Argued September 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

Before KALLICK, J.

*Henry N. Fineman,* with him *Morris Passon,* for appellant.

*G. Wesley Allen,* for appellee.

OPINION BY WRIGHT, J., November 16, 1961:

This is an appeal by Azell McCuff from an order of the Municipal (now County[1]) Court of Philadelphia County entered April 17, 1961, requiring him to pay the sum of $30.00 per week for the support of his wife, Armissie McCuff.

The parties were united in marriage on March 20, 1943, and have one child, a daughter now married. They resided together in a home, jointly owned, at 8213 Tinicum Avenue, in the City of Philadelphia. The wife still resides in that home. Sometime in October of 1956, following several arguments concerning the husband's intimacy with another woman, the husband left the com-

---

[1] Act of July 17, 1961, P. L. 781.

mon habitation and has since been living with his paramour. The husband took care of the remaining installments which were due on the mortgage, so that the home is now unencumbered. He also continued to pay the bills for fuel and utilities until June 29, 1960, on which date the daughter became eighteen years of age. The wife's petition for support was filed on January 11, 1961. There were four hearings in the court below. At the hearing on March 20, 1960, it was agreed by counsel that any order eventually entered should be effective as of that date.

Appellant first contends that his wife's misconduct "rendered her unworthy of support", asserting in this connection that his wife was guilty of adultery. The law is well settled that the only legal cause justifying the refusal of an order of support is conduct on the part of the wife which would constitute valid grounds for a divorce: *Commonwealth v. Deose*, 194 Pa. Superior Ct. 466, 168 A. 2d 791; *Commonwealth v. Sincavage*, 153 Pa. Superior Ct. 457, 34 A. 2d 266. It is of course true, as appellant argues, that an order of support may be refused, or vacated, where the wife is guilty of infidelity, notwithstanding the fact that the husband is likewise guilty of misconduct which precludes him from obtaining a divorce. See *Commonwealth ex rel. Brobst v. Brobst*, 173 Pa. Superior Ct. 171, 96 A. 2d 194; *Commonwealth v. Levitz*, 189 Pa. Superior Ct. 438, 150 A. 2d 581. In the case at bar, however, the evidence is clearly insufficient to establish adultery on the part of the wife. To sustain such a charge the proof of guilt must be clear and satisfactory: *Brower v. Brower*, 157 Pa. Superior Ct. 426, 43 A. 2d 422. Mere speculation is not enough: *Commonwealth v. Donald*, 192 Pa. Superior Ct. 276, 161 A. 2d 915. The husband's contention is based primarily on two incidents, one on February 24, 1954, and one on October 3, 1956. His accusations of impropriety on

these, or any other occasions, were strenuously denied by the wife, and her testimony was supported by that of her daughter and the daughter's husband. We are in accordance with the conclusion of the court below "that the proof falls short of any ground for divorce", and that the credible evidence establishes the wife's right to support.

Appellant next contends that the order was imposed "without any testimony as to the amount which would be reasonable and proper". We fail to perceive any merit whatever in this contention. It is apparently based on the fact that neither party testified as to "specific expenses". However, the record discloses that the hearing judge made thorough inquiry into the husband's income as well as all other circumstances which would be relevant in fixing the amount of the order. We know of no requirement that a detailed analysis must be made of routine items such as food, clothing, utility bills, et cetera, with which the hearing judge is familiar, and which are, in the words of counsel for appellee, "within the judicial cognizance of the court".

Appellant's third contention is that the order was excessive in amount. The husband's W-2 tax forms, produced at the final hearing, reveal that he earned during the year 1960 the gross sum of $5,412.65 as a postal employe, plus the additional gross sum of $583.00 as a waiter for a catering establishment, making his total gross income approximately $6,000.00 per year. The wife has sporadic employment as a hairdresser, and earns, when working, between $20.00 and $25.00 per week. The fact that a wife is gainfully employed does not deprive her of her right to support, although the sum of her separate earnings is one of the relevant circumstances to be considered in fixing the amount of the order: *Commonwealth ex rel. Liuzzi v. Liuzzi*, 142 Pa. Superior Ct. 239, 15 A. 2d 738; *Commonwealth ex rel. Lazarou v. Lazarou*, 180 Pa. Superior Ct. 342, 119 A.

2d 605. It should be here noted that appellee has a thyroid tumor and requires an operation. Cf. *Commonwealth ex rel. Rovner v. Rovner,* 177 Pa. Superior Ct. 122, 111 A. 2d 160.

Appellant asserts that, in view of deductions which he claims for income tax in amount of $1,048.00, wage tax and social security in amount of $109.00, and compulsory retirement in amount of $351.00, his net income is approximately $4,500.00 per year. He argues that his share of the rental value of the joint home is an added contribution to his wife's support, and that her separate earnings must be given some consideration. His position is that an order of $30.00 per week exceeds the one-third lawful maximum. See *Commonwealth ex rel. Taylor v. Taylor,* 193 Pa. Superior Ct. 519, 165 A. 2d 394. Passing appellee's argument that "defendant's compulsory retirement deduction is a benefit to him and should not be considered against the wife", it clearly appears that the deduction for income tax is over-estimated. Since the husband will be required to comply with the instant support order, his liability for income tax will be substantially reduced. It is therefore evident that the present order will not in fact exceed one-third of the husband's net income.

In appeals of this nature the function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge: *Commonwealth ex rel. Lipschultz v. Lipschultz,* 179 Pa. Superior Ct. 527, 117 A. 2d 793; *Commonwealth ex rel. Brown v. Brown,* 195 Pa. Superior Ct. 324, 171 A. 2d 833. It has been repeatedly stated that, in a support proceeding, we will not interfere with the determination of the lower court unless there has been a clear abuse of discretion. See *Commonwealth ex rel. Spielvogel v. Spielvogel,* 181 Pa. Superior Ct. 61, 121 A. 2d 886; *Commonwealth ex rel. Kane v. Kane,* 193 Pa. Superior Ct. 98, 163 A. 2d 925. Our examination of the

record in the case at bar reveals that the order below is supported by the evidence, and that there has been no abuse of discretion.

Order affirmed.