## Commonwealth ex rel. Kenin v. Kenin

*Morton Newman*, for plaintiff.

*Reuben E. Cohen*, for defendant.

BOYLE, J., August 6, 1962.—This is an appeal by husband-defendant from an order entered for the support of his wife. There was a hearing on March 1, 1962, and a further hearing on May 7, 1962. At the hearing of

March 1, defendant admitted his liability and the right of his wife to receive support.

The wife-plaintiff demanded the sum of $175 per week. The husband-defendant offered a sum between $30 and $40 per week.

At the conclusion of the hearing, to wit, March 1, 1962, we entered a temporary order of $40 per week pending the final hearing. Counsel for the husband-defendant, at that hearing, agreed that any final order should be dated as of March 1, 1962.

On June 8, 1962, after the final hearing, which had been held on May 7, 1962, we entered a final order of $100 per week for the wife-plaintiff, effective as of March 1, 1962.

The wife-plaintiff testified that she had monthly expenses of $100 per month for food, $146 per month for rent of an apartment, $60 per month for doctors, $60 per month for medicine and $120 per month for miscellaneous expenses.

The net income of defendant for 1960, as shown by his income tax return before payment of income tax, was $23,507 on which he paid a Federal tax of $5,481.40. Prior to the separation of the parties which occurred on October 31, 1961, defendant had given the plaintiff $85 per week for general expenses and he paid all other bills including rent, clothing, medicine and doctors. We believe that there is no question that the wife is ill, unable to work and in need of extensive medical care.

The husband contends that his earnings for 1961 amounted to only $7,800 per year and he offered in evidence an employer's withholding tax statement indicating total income of $7,800 on which the sum of $1,719 was withheld.

Defendant is president and owns one-half of the stock of Keenan Motors, Inc., which operates a large automobile sales and service agency. The other 50 per-

cent of the stock is owned by one stockholder, A. W. Berry, to whom plaintiff refers as "his partner."

A sharp drop in earnings coincident with imminent non-support proceedings is naturally looked upon with a certain degree of suspicion: Commonwealth ex rel. Weisberg v. Weisberg, 193 Pa. Superior Ct. 204; Commonwealth ex rel. Spielvogel v. Spielvogel, 181 Pa. Superior Ct. 61; Commonwealth v. Williams, 178 Pa. Superior Ct. 313. This is particularly true where defendant controls the accounting practices of the business. Accounting procedure is so flexible that it is easy for a man who owns a business or who has an accommodating partner to mask the true financial picture.

In the instant case, the natural suspicion engendered by reduction of income from $23,500 to one-third that sum, to wit, $7,800, is confirmed by an analysis of the records and the evidence. In April, 1961, six months before the separation, defendant submitted an estimate of his income tax for 1961 at exactly the amount paid in 1960 on the basis of earnings of $23,507.

A financial statement of the corporation as of May 31, 1961, shows a net worth of $62,906 which increased by December 31, 1961, to $72,789. The earned surplus as of May 31, 1961, was $32,906. This increased to $42,789 by December 31, 1961. The gross sales of the corporation for the fiscal year ending May 31, 1961, amounted to $2,062,638.97 as against gross sales of $2,053,228.70 for the fiscal year ending May 31, 1960.

We were not impressed with the credibility of the testimony of defendant. Notwithstanding gross earnings of $23,500 for 1960, he did not have a personal checking account but caused checks of the corporation to be issued to pay his personal expenses.

In arriving at our conclusion that we should make the order retroactive, we had in mind not only the Act of July 13, 1953, P. L. 431, sec. 7, 62 PS §2043.37, but counsel for the husband-defendant, at the hearing on

March 1, 1962, agreed that any final order should be made retroactive to March 1, 1962.

We also had in mind the cases of Commonwealth ex rel. Kolbe v. Kolbe, 186 Pa. Superior Ct. 256, and Commonwealth v. McAlaine, 193 Pa. Superior Ct. 27, but in neither of these cases was there an agreement that the order should be made retroactive, as in this case.