Richards *v.* Richards, Appellant.

Argued June 17, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*William C. Cahall, III*, with him *Davis, Cirillo & Cahall*, for appellant.

*Desmond J. McTighe*, with him *D. Stewart McElhone*, and *Duffy, McTighe and McElhone*, for appellee.

OPINION BY WATKINS, J., September 15, 1966:

This is an appeal from an order of the Court of Quarter Sessions of Montgomery County of two thousand ($2000) dollars per month for the support of the wife and four hundred ($400) dollars per month for the support of an eighteen year old daughter.

The parties were married in 1938 and have had three children. Only the youngest child is involved in this proceeding. They lived together very sumptuously until February, 1965, when the defendant separated himself from his family.

This proceeding was instituted by complaint under The Pennsylvania Civil Procedural Support Law of 1953, July 13, P. L. 431, 62 PS §2043.31. The complaint was served personally upon the defendant by a constable of Montgomery County, at his place of business in Philadelphia.

The defendant denied the allegation that he was a resident of Montgomery County and alleged that his residence was the Brazilian Dock, Palm Beach, Florida.

Defendant therefore contends the Montgomery County courts are without jurisdiction to enter an order in this matter and that the prosecution must be brought under the Uniform Reciprocal Enforcement of Support Act, 1951, May 10, P. L. 279; 1953, August 19, P. L. 1201, 62 PS §2043.1.

The defendant did not testify at the hearing held in this matter but was present at a preliminary hearing and agreed to a temporary order being entered. The attorney for appellant did agree at the hearing that the indicated intent of the defendant up until April, 1965, was that his residence was Montgomery County and showed no change in intention or basis to establish a change of residence thereafter. The conduct or habits nor places of living of the defendant did not change thereafter. We must, therefore, agree with the court below that defendant was a resident of Montgomery County, properly served with the complaint giving the Montgomery County court jurisdiction of the subject matter and the parties.

Appellant also contends that the order as entered was excessive in view of the defendant's earning capacity and the judicial guidelines established for fixing support orders.

The court below considered the estimated income from all sources such as bonuses, salary, dividends, unvouched for expenses and other perquisites of his position as follows: Salary, bonuses, dividends, etc., $60,239.31; unvouched for expense account $2600; perquisites $9500, or a gross income of $72,839.31. From this, the court allowed deductions of $7,738 for exemptions, contributions, etc., and $5,850 for approximate tax liability, or a total of $13,588, leaving a net earning capacity of $59,251.31. From this he ordered support payment for defendant's eighteen year old daughter of $400 per month or $4800 per year, reducing defendant's net to $54,451.31. The award to the wife of

$24,000 a year support clearly exceeds the one-third rule so firmly established in our courts. *Commonwealth ex rel. Gutzeit v. Gutzeit,* 200 Pa. Superior Ct. 401, 189 A. 2d 324 (1963).

The court below refused to allow any deduction to the defendant for depreciation on his fishing boat, which was admittedly used almost exclusively for business entertaining and promotion and relied on *Com. v. Miller,* 202 Pa. Superior Ct. 573, 198 A. 2d 373 (1964), although other boat expenses were allowed.

The defendant is admittedly a promoter of the business in which he is an officer and major stockholder, and apparently a successful one. The boat in question is a very substantial part of this promotional effort and considering the expected life of such a boat, it will have to be replaced in the future and money for this purpose must be accumulated somehow from depreciation allowance. A more realistic view would be to allow two-thirds of the claimed depreciation as a deduction from gross income, together with those already allowed by the court below.

In view of the foregoing the estimated net earning capacity of the defendant would be $53,251.31. A fair order for the support of an eighteen year old girl attending a private school at a monthly tuition of $90.86, would be $250 per month and for the wife the sum of $1575 per month from which she shall pay the mortgage payment and insurance and taxes on the home in Stone Harbor, New Jersey, and the order is amended to so read and as amended, the order is affirmed.