## Commonwealth ex rel. Segal v. Segal

*Sheldon Tabb,* for petitioner.

*Oscar Spivack,* for respondent.

BLOOM, J., March 16, 1972.—The matter presently before this court is a petition filed by Joyce L. Segal praying for support for herself and three children,

ages 19, 18 and 9. The two oldest children attend college and are away from home for about nine months of a year, but return home to their mother during vacation periods. The youngest child resides with her mother.

The parties hereto were married on November 27, 1949, and lived together as husband and wife until 1969. Thereafter, the parties separated from each other because of certain difficulties that arose between them. Both parties have accused each other as being the cause for the separation; however, it is quite clear from the record that respondent, Stanley J. Segal, was living with another woman who gave birth to a child which respondent acknowledges to be his offspring. All other allegations made by the parties are substantially uncorroborated, and thus in light of the birth of the child to respondent and his paramour, this court can only conclude that respondent is liable for the support of his wife.

A more difficult issue is raised respecting the amount of support to be ordered for petitioner and the three children. At the present time, respondent is paying $125 per week for the maintenance of petitioner and the youngest child. In addition, respondent is paying $160 per week for the two older children, including the cost of their college education and their living expenses. An additional $75 per week is expended by respondent for the mortgage and taxes on the parties' house, as well as life insurance premiums and medical insurance coverage which inure to the benefit of petitioner and the three children. Petitioner had been employed in New York and earned about $100 a week net. Of course, she would have to leave her home in Pennsylvania to engage in this employment, thus necessitating a domestic housekeeper to stay with the youngest child.

However, on October 8, 1971, petitioner testified that the employment in New York would terminate and apparently petitioner is currently unemployed and thus it is concluded that the $75 per week for the housekeeper is no longer necessary, thus reducing petitioner's claimed expenses from $600 a week to $525 per week.

Petitioner resides in the parties' jointly owned house valued at about $45,000. For the past number of years, the parties lived quite comfortably. Respondent, for the past 20 years, has been engaged in the real estate development business, constructing various office buildings and shopping centers, which, in turn, are leased out to tenants. Respondent is the sole proprietor of the business and respondent's net worth is presently $457,000, and if certain land holdings were added at their "present market value," his net worth would exceed $750,000. Respondent's business involves multi-million dollar transactions and is currently solvent. Certain business projects, though heavily indebted, are profitable to respondent and he anticipates future growth and prosperity.

A review of respondent's income tax returns for 1966 through 1969 reveals that respondent had access to $230,000 in cash and in 1969, income from interest alone totaled nearly $9,000. In 1970, respondent's net earnings exceeded $220,000.

It is well settled that the purpose of a support order is the welfare of the family and not the punishment of the father. It must be intended to provide a reasonable allowance for support, considering the property, income and earning capacity of the father and the station in life of the family: Commonwealth ex rel. Shumelman v. Shumelman, 209 Pa. Superior Ct. 87; Richards v. Richards, 208 Pa. Superior Ct. 242. In fixing an order for support, the court is not restricted to

the husband's actual earnings, but may consider his earning power and the nature and extent of his property and other financial resources: Commonwealth ex rel. Zehring v. Zehring, 186 Pa. Superior Ct. 393; Commonwealth ex rel. Davidoff v. Davidoff, 178 Pa. Superior Ct. 549.

In light of all the facts present in this case, this court concludes that respondent could easily afford the sum of $525 per week for the support of his wife and three children, which includes the cost of the college education for the two oldest children, and the mortgage payments on the house in which petitioner currently resides. From the testimony, it is evident that the children will soon complete their college education, and as they do so, respondent can file a petition for review and reduction in the amount of this order.

Therefore, we enter the following

### ORDER

And now, to wit, March 16, 1972, it is hereby ordered and decreed that:

1. Respondent shall pay the sum of $525 per week to petitioner for the support of petitioner and three children, which includes the expenses for the college education of the two oldest children and the mortgage payment for the house in which petitioner resides at 224 Pineridge Avenue, Havertown, Pa.

2. Respondent shall pay all sums which may be incurred by petitioner for necessary medical care and attention for the said children.

3. This order is made retroactive to December 1, 1971, in accordance with the stipulation made by counsel for the respective parties.