**Shutt v. Shutt**

*Randolph A. Scott,* for plaintiff.

SATTERTHWAITE, P. J., September 28, 1972.— After hearing on September 12, 1972, and due consideration of the testimony and exhibits received in evidence, as well as the brief and argument of counsel for plaintiff, the chancellor hereby makes the following

### FINDINGS OF FACT

1. Plaintiff, Genevieve C. Shutt, and defendant, James F. Shutt, are husband and wife, having been married on November 29, 1954.

2. On October 17, 1960, the parties purchased as tenants by the entireties, and thereafter resided together as husband and wife on real property situate at 1078 Fitch Place, Warminster, Bucks County, Pa., more particularly bounded and described as follows:

[Metes and bounds description deleted.]

3. Defendant removed himself from said premises, and wilfully, maliciously and without reasonable cause deserted plaintiff on April 18, 1972, and he has not lived with her since. His present whereabouts are unknown.

4. Since April 18, 1972 to the present time, defendant has failed to contribute to the support of plaintiff without reasonable cause.

5. Since April 18, 1972, to the present time, plaintiff has supported and maintained herself by funds received from the Department of Public Assistance. Her expenditures for necessaries, including food, clothing, medicine, medical treatment and incidentals have reasonably averaged and continued to average $264 per month. To this will be added approximately $150 per month for rent when plaintiff vacates the entireties real estate upon its sale.

6. In addition, since April of 1972 to the present time, in order to prevent mortgage foreclosure of said premises, plaintiff has paid $465 on a mortgage held by Fidelity Bond and Mortgage Company.

7. Defendant's earning power is and has been at the rate of approximately $250 per week.

8. Plaintiff has no income nor earning power, and proceedings against the aforesaid real property are necessary for her suitable and reasonable maintenance.

9. Subject to approval of the court with respect to the interest of defendant, plaintiff has entered into an agreement to sell the aforesaid real property situate at 1078 Fitch Place, Warminster, at private sale for the price for the whole of the interests therein of $34,800 to Susan R. Sieberson and Chris M. Sieberson by writing dated September 8, 1972.

10. Said price of $34,800 is full, fair and reasonable and more than the amount likely to be obtained at public sale. Existing liens against said premises would reduce the equity therein of the parties, plaintiff and defendant, by approximately $14,500, in addition to the costs and expenses of closing said sale such as realtor's commission, transfer taxes, tax adjustments, settlement charges and the like.

## DISCUSSION

This is a proceeding by a deserted wife seeking enforcement of her right to support by her husband through the institution of proceedings against him under the Act of May 23, 1907, P. L. 227, secs. 1 and 2, as amended, 48 PS §§131, 132, whereby his interest in entireties real estate would be subjected to judicial compulsion in pro tanto discharge of his obligations. The parties last resided together in, and defendant-husband's desertion took place from, realty physically

located within this county, and plaintiff continues to reside therein. Although defendant's whereabouts are unknown and he cannot be personally served, jurisdiction in rem of these proceedings with respect to his interest in said real estate has been acquired by this court by service by publication in the Bucks County Law Reporter, the legal periodical designated as such by the rules of this court, and in the Central News-Herald, a newspaper of general circulation published and circulating within this county, in compliance with section 2 of the aforesaid Act of 1907, as amended, 48 PS §132, and with Pennsylvania Rule of Civil Procedure 1504(b)(3) which replaces the Act of 1859 therein referred to. No appearance or answer has been made by or on defendant's behalf. Judgment by default was entered by the prothonotary on August 3, 1972, in favor of plaintiff and against defendant.

The foregoing findings of fact clearly demonstrate plaintiff's right to relief and the only question is the manner and form in which such relief should be granted. Section 2 of the Act of 1907, supra, as amended, 48 PS §132, provides that in case of separation of a husband from his wife or children without reasonable cause and his nonsupport thereof although being of sufficient ability, then "proceedings may be had against any property real or personal of said husband necessary for the suitable maintenance of the said wife or children; and the court may direct a seizure and sale, or mortgage, of sufficient of such estate as will provide the necessary funds for such maintenance . . ."

The in rem powers given by these statutory provisions were spelled out in Erdner v. Erdner, 234 Pa. 500 (1912), at page 506:

"Under the service in this case [by publication] the court had power to direct a sale or mortgage of so

much of defendant's estate as might be necessary for the maintenance of the plaintiff, but before so doing it should first have determined what amount would be suitable, and, next, what property of the defendant should be taken for that purpose; then it could have decreed a sale or mortgage accordingly. Since the property affected was within the jurisdiction, service by publication was sufficient, and we cannot say that the notice was lacking in any essential detail; but the court had no power to delegate to the receiver the duty of deciding the amount that would be necessary or suitable for the maintenance of the wife, or of determining the property to be sold or mortgaged for that purpose . . ." See also Drummond v. Drummond, 402 Pa. 534, 540 (1961).

The fact that the property presently involved is entireties property owned by both plaintiff and defendant does not militate against the within action. Proceedings to obtain a decree for support of the wife under the Act of 1907, as amended, "may be had against *any* property real or personal of said husband necessary for the suitable maintenance of the said wife." (Italics supplied.) Accordingly, resort may be had to the husband's interest in an entireties estate, if necessary, so that the wife may obtain satisfaction of her right by liquidation of the husband's interest therein: Crane v. Crane, 373 Pa. 1 (1953).

Moreover, for the purpose of disposing of the husband's interest and holding and discharging the proceeds thereof in enforcement of the past, as well as the continuing, lien or obligation to support, the court may appoint a trustee with respect to the husband's interest and authorize such trustee to make sale of the subject premises in the place and stead of the husband: Dixon v. Dixon, 5 D. & C. 2d 634 (1955); Reid v. Reid, 28 D. & C. 2d 26 (1961); Krevinka v. Krevinka,

27 Fayette 16 (1964); Miller v. Miller, 47 D. & C. 2d 276 (1968).

As indicated in the findings of fact, supra, plaintiff has been entitled in the past to a duty of support by defendant in the amount of $264 per month, an amount which is less than one third of defendant's earning power of approximately $250 per week or roughly $1,000 per month. Plaintiff is, therefore, entitled to a lien upon defendant's interest in the subject realty at the rate of $264 per month for support which was not furnished from the date of desertion, April 18, 1972, and for support which will accrue in the future for such time as defendant continues in default of discharge of this duty, until either exhaustion of his property interest or further order of this court. In addition, plaintiff has a lien for her payment in preservation of the entireties estate of defendant's half of the mortgage installments since the desertion in the amount of $232.50. Still further, after her removal from occupancy of the subject real estate upon settlement of the sale thereof as hereinafter approved, her reasonable needs for support will be increased by the amount which it will then cost her to rent suitable living quarters for herself, to wit, approximately $150 per month. This will increase the total of her reasonable needs to the figure of $414 per month. However, the court may not make an order for a wife alone in an amount in excess of one third of the husband's earning power: Richards v. Richards, 208 Pa. Superior Ct. 242 (1966). Accordingly, the court hereby allows the sum of $333 per month for plaintiff's continuing right to support by defendant from the date of settlement for the sale of the real estate.

As also reflected in the findings of fact, supra, plaintiff has negotiated a private sale of the subject premises at a price for the whole of $34,800. Under the

evidence, the chancellor believes, and, therefore, has found as a fact, that said price is full, fair and reasonable and more than could be obtained at public sale. Accordingly, no reason is perceived why a trustee should not be appointed to carry out such sale by joining with plaintiff in the conveyance in the right of defendant, to receive defendant's half share of the net proceeds, to disburse to plaintiff from such share the amounts to which plaintiff has already become entitled for past due support and half of the mortgage installments heretofore paid, as hereinabove summarized, and to disburse to plaintiff continuing payments for support, monthly, in the respective amounts hereinabove determined until either exhaustion of the fund or further order of this court. While the Act of 1907 does not specifically authorize a private sale, neither does it prohibit one, and under the circumstances here presented, such a procedure seems the only reasonable and equitable manner of implementing the purposes of that legislation. Compare Reid v. Reid, supra, 28 D. & C. 2d, at page 29.

## DECREE NISI

And now, September 28, 1972, it is hereby ordered, adjudged and decreed, as follows:

1. The undivided interest of defendant in the real estate described in the foregoing findings of fact, to wit, premises known as 1078 Fitch Place, Warminster, or the proceeds of the sale thereof, are subject to a lien for plaintiff's past and future reasonable needs for her own support and maintenance at the rate of $264 per month from April 18, 1972, until the date of settlement of the private sale of said real estate hereinafter referred to, and thereafter at the rate of $333 per month until further order of the court.

2. Bucks County Bank and Trust Company is hereby appointed trustee for defendant, James F.

Shutt, with respect to his interest in said real estate and his share of the net proceeds of the sale thereof.

3. The private sale of said real estate to Susan R. Sieberson and Chris M. Sieberson for $34,800 upon the terms specified in the written agreement dated September 8, 1972, is hereby approved, and said trustee is hereby authorized and empowered to join with plaintiff in conveyance of said real estate in settlement pursuant thereto.

4. One-half of the net proceeds of the sale of said real estate, after payment of existing liens of record against the entireties estate and costs and expenses of closing said sale, such as realtor's commissions, transfer taxes, tax adjustments, settlement charges and the like, shall be distributed to plaintiff in her own right, and the other half to Bucks County Bank and Trust Company as trustee for defendant.

5. Said trustee shall hold such one-half of the net proceeds subject to the aforesaid lien for plaintiff's support against defendant's interest and shall pay to plaintiff by reason of such lien the amounts then due her by reason thereof and shall thereafter pay to her, monthly, the continuing amounts coming due her from time to time by reason thereof, until further order of the court or exhaustion of the fund.

6. Said trustee shall also pay to plaintiff out of said defendant's one-half of the net proceeds the further sum of $232.50 as restitution for her payment of defendant's half of mortgage installments paid by her since April 18, 1972; said trustee shall also pay to itself out of said defendant's one-half of the net proceeds its own compensation as trustee at the rate of five percent on each disbursement to plaintiff pursuant to this decree, with any further allowance of compensation to abide a further order of court.

7. Said trustee shall also pay the record costs of

these proceedings out of said defendant's one-half of the net proceeds.

This decree shall be entered as a decree nisi and shall be entered by the prothonotary on praecipe as the final decree of the court unless exceptions be filed within 20 days, as provided by Pennsylvania Rule of Civil Procedure 1519.