369 A.2d 731
**Daniel John HOWELL, Appellant,**
v.
**Bonnie Lou HOWELL.**

Superior Court of Pennsylvania.

Submitted Nov. 17, 1975.

Decided Feb. 18, 1977.

---

484

Edith Benson, Meadville, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from the denial of a petition to proceed in forma pauperis in a divorce action. Pa.R.C.P. 1137.[1]

When appellant filed his petition he was receiving $86 per week in unemployment benefits. Half of this he voluntarily gave to his estranged wife for her support. He paid $20 per month on a debt, and gave the rest to his parents, with whom he was living, to help them buy food for themselves and gas for their car. Appellant's personal property was of negligible value.[2]

The lower court found that appellant "fell far short" of proving inability to pay costs:

He was not on public assistance and was receiving . . . Eighty-Six Dollars . . . per week . . . which in this area is as much or more as the take-home pay of many wage earners who support a family. He lived with his parents, had no dependents and was voluntarily giving his wife half of his unemployment check in spite of the fact that if he has valid grounds for divorce, . . . his wife would not be

---

1. Rule 1137 provides in part:

Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. . . . The petition must disclose his full financial condition including his income and property.

2. Besides clothing and other personal items, appellant owned a 1956 Plymouth with salvage value only.

entitled to support. *Commonwealth v. Deose, Appellant,* 194 Pa.Super. 466, 168 A.2d 791 (1961) . . . . [H]e testified that he was leaving for the Marine Corps on March 26, 1975, which would be less than a month after the hearing. His service pay would certainly not qualify him as an indigent.
Slip Opinion at 1–2.

█ The fact that appellant was not on public assistance was not dispositive, as the lower court appears to have believed. The issue was appellant's "inability to pay all or part of the costs." Rule 1137. If a person *is* on public assistance, and his net worth is minimal, there will be a *prima facie* showing of inability to pay costs. *Schoepple v. Schoepple,* 239 Pa.Super. 557, 361 A.2d 665 (1976). If he is *not* on public assistance, there will be no *prima facie* showing, but still there may be inability.

██ In determining inability to pay costs, the issue was not the earnings of others in the area but appellant's individual circumstances. *Schoepple v. Schoepple, supra.* In finding those circumstances, moreover, it was error to penalize appellant for his voluntary payment to his wife. While it is true that a husband may refuse to support his wife if she has engaged in conduct that would constitute a valid ground for divorce, *Commonwealth v. Deose,* 194 Pa.Super. 466, 168 A.2d 791 (1961), *Commonwealth ex rel. Young v. Young,* 213 Pa.Super. 515, 247 A.2d 659 (1968), here there had been no determination that the wife had engaged in such conduct. Although appellant wants a divorce, and has sued for one, he may not be able to prove grounds. *Commonwealth ex rel. Eifert v. Eifert,* 226 Pa.Super. 98, 311 A.2d 718 (1973). His failure in the meantime to support his wife might result in civil or criminal proceedings against him. 48 P.S. § 131 and 18 P.S. § 4321.

█ With respect to appellant's plan to join the Marine Corps within a month of the hearing: In *Schoepple*

*v. Schoepple, supra* 239 Pa.Super. at 562–563, 361 A.2d at 668, we said:

Rule 1137, however, only requires proof of present inability to pay costs. If a petitioner proves such inability, he is entitled to relief. We do not say that the future is to be ignored. Thus a court might find that a petitioner is not entitled to relief where, although unable to pay costs at the moment, he will be able to pay costs in the very near future.

It may well be that testimony would have shown that upon entering the Marine Corps, appellant would have been able to pay costs, and that in the circumstances a wait of less than a month to institute his divorce action would have been reasonable. However, there was no such testimony, and since it is apparent that at least to some extent the lower court relied on inappropriate factors to reach its result, a new hearing must be had.

So ordered.

PRICE, J., dissents.