## Bredbenner v. Bredbenner

*O. Randolph Bragg* and *F. Charles Petrillo*, for plaintiff.

### NATURE OF PROCEEDINGS

DALESSANDRO, *J.*, June 10, 1975—This matter is before the court on exceptions filed by plaintiff to the master's report, which recommended that a decree in divorce a vinculo matrimonii be denied.

### HISTORY AND FACTS

Plaintiff, through Luzerne County Legal Services Association, Inc., filed this action in divorce on December 28, 1973, alleging indignities and cruel and barbarous treatment. In due course, Bartel E. Ecker, Esquire, was appointed master. After having given proper notice to the parties, he held a

hearing on March 1, 1974, at which time defendant neither appeared nor was represented by counsel. On April 8, 1974, the master filed his report in which he recommended that a divorce a vinculo matrimonii be refused at that time because it was his opinion that plaintiff was not entitled to representation by Luzerne County Legal Services Association, Inc. However, the master did conclude that plaintiff had established grounds for divorce because of indignities, and he further recommended that a divorce be granted only at such time as plaintiff secures private counsel.

Eleven days after the filing of the master's report, counsel for plaintiff moved this court to allow him additional time to file exceptions due to the fact that the notice of filing of master's report, which he received, stated only that a divorce had been recommended. The court allowed the additional time because plaintiff was not aware of the contents of the report, particularly the opinion of the master regarding plaintiff's representation by Luzerne County Legal Services Association, Inc.

The issues presented are: (1) whether or not it is within the province of the master and the court to inquire into and rule upon the propriety of the representation of plaintiff by Luzerne County Legal Services Association, Inc.; and (2) if the testimony at the master's hearing warrants the granting of a decree in divorce a vinculo matrimonii, can the court refuse to sign a decree until such time as plaintiff engages private counsel.

## DISCUSSION

*I. Whether or not it is within the province of the master and the court to inquire into and rule upon the propriety of the representation of the*

*plaintiff by Luzerne County Legal Services Association, Inc.*

It should be noted at the onset that plaintiff is not proceeding in forma pauperis but has paid the costs of this action. Plaintiff, however, has obtained free legal service through the Luzerne County Legal Services Association, Inc., due to her alleged indigency.

There is no absolute right to free counsel in civil matters. Counsel for plaintiff argues that the spirit of Boddie v. Connecticut, 401 U.S. 371 (1971), is applicable to the case. Boddie held that an indigent could not be denied access to a state's courts in order to seek dissolution of marriage due to inability to pay court fees and costs. Pennsylvania courts were found to be bound by Boddie in a decision rendered shortly thereafter: Wilson v. Wilson, 218 Pa. Superior Ct. 344 (1971).

This court's attention has further been called to decisions from various jurisdictions wherein it was held that the court will not look into the propriety of the representation of a litigant by legal services or public defender offices: Jacobs v. Board of School Commissioners of City of Indianapolis, 349 F. Supp. 605 (S. D. Ind. 1972); Ingram v. Justice Court for Lake Valley Judicial District of El Dorado County, 447 P. 2d 650; Victor Hernandez, et al, v. Board of Education of the Stockton School District, et al, CCH Pov. L. Rptr., para. 16, 093 (Transfer binder 1972-74). The reasoning behind these decisions is sound, in that we are faced basically with a separation of powers question. In almost all cases, the decision on representation is a legislative and administrative function and not one which should be judicially determined. Any complaints concerning representation should be raised with the Board

of Directors of Legal Services or with its funding sources: Ingram, supra.

II. *If the testimony at the master's hearing warrants the granting of a decree in divorce a vinculo matrimonii, can the court refuse to sign a decree until such time as plaintiff engages private counsel.*

In the instant case, representation was undertaken by Luzerne County Legal Services Association, Inc., and, in our opinion, establishes a prima facie showing that plaintiff qualified for such representation. There is no evidence in the transcript of the master's hearing nor in the master's report to find that a fraud was perpetrated upon Legal Services. The master rather finds a young, physically capable woman who he feels is able to work and therefore should not be entitled to free legal services. He does not find nor does the record indicate that plaintiff has lied, concealed assets, or in any way did not qualify for legal services representation on the basis of their presently existing guidelines. The master merely makes a finding that he does not "feel" plaintiff should be represented by Luzerne County Legal Services Association, Inc. In the absence of fraud, this court will not look into the propriety of representation by a legal services organization, and there is no evidence in the record to indicate fraud.

This court compliments the master for his concern and vigilance regarding the problem. Luzerne County Legal Services Association, Inc., has an obligation to screen its applicants thoroughly and it should be a continuous screening process where changes in a client's financial status after representation is taken on are also fully considered.

## ORDER

It is hereby ordered and decreed that plaintiff's exceptions to the report of the master are affirmed, and a decree in divorce is signed at the time of the signing of this opinion.