## Wilson, Appellant, *v.* Wilson.

Submitted April 12, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Perley Louis Wilson*, appellant, in propria persona.

No oral argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 22, 1971:

Appellant appeals from an order of the court below which, on September 14, 1970, denied his petition to file and proceed in forma pauperis upon a complaint for absolute divorce. The petition stated that appellant (1) has no cash, collateral, or property and is unable to pay the costs of a divorce proceeding, and (2) is confined in a state prison and has only minimal income provided by prison wages.

The lower court gave no reason for denying the petition. One reason for the denial, however, is apparent: When the order was handed down on September 14th, there was no precedent for allowing an indigent to proceed in forma pauperis in a proceeding for divorce. Access to Pennsylvania courts in a divorce action is denied to persons who cannot pay the filing costs and assorted court fees.

On March 2, 1971, the Supreme Court of the United States in *Boddie v. Connecticut*, 401 U.S. 371 (1971), decided: ". . . [G]iven the basic position of the marriage relationship in this society's hierarchy of values and the concommitant state monopolization of the means for legally dissolving this relationship, due process does prohibit a State from denying, solely because of inability to pay, access to its courts to individuals who seek judicial dissolution of their marriages." *Id.* at 374. Pennsylvania courts are bound by the decision in *Boddie*.

The Supreme Court in *Boddie* stressed the fact that one of the things taken into consideration in its decision was the bona fides of the showing of indigency. We, therefore, reverse the order of the court below and allow appellant to file his complaint for divorce in forma pauperis provided he can satisfy the court below that he is unable to pay the fees and costs of his divorce action.[1]

Order of the court below is reversed and case remanded for further proceedings consistent with this opinion.

---

[1] Appellant in his *pro se* brief to this Court asks not only free access to the courts and free service fees, but also asks that he be provided free investigative and legal services. *Boddie*, of course, makes free access a right; however, there is no obligation to provide investigative and legal services to one seeking a divorce.