## Whitehead, Appellant, v. Whitehead.

*Leslie L. Engle,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY JACOBS, J., June 14, 1973:

This is an appeal from an order denying a petition by a husband for leave to proceed in forma pauperis in an action against his wife for divorce *a vinculo matrimonii.*

The appellant's petition, filed in June of 1972, averred that his ground for divorce would be his wife's adultery. He asserted that an extensive police record precluded his employment, that he was supported by his parents, and that he had no savings, realty, or automobile. He also averred that his finances supplied only the necessities of life, that he was undergoing

therapy for drug addiction, that he was unable to pay the fees, costs, and expenses of the divorce action, and that he believed his wife was receiving public assistance.

At a hearing regarding the petition on July 28, 1972, the appellant-petitioner testified that he was receiving $69 twice a month from public assistance and that for about the previous 7 years he had been "more or less, in and out" of prison. He stated that his attempts at holding employment had been frustrated by his employers' discovery of his record, that he was presently "under the Pennsylvania State Board of Parole," and that he was not presently taking drugs. His most recent incarceration, he testified, had lasted for 16 months and had ended in October of 1971, following a reversal of his conviction.

The wife of petitioner-appellant testified that at the time of the hearing she and her husband had been married for about 12½ years and had been separated for about 2 years. She stated that one of her two children, a 10-month-old daughter, was the child of a man other than her husband, whom she named, and that that man contributed to the support of the child through a court order. She further testified that her husband had supported his own child at such times as he had a job, prior to their separation, but not at other times. She stated that she was receiving public assistance at the time of the hearing.

On August 1, 1972, the lower court denied the appellant's petition, by discharging the rule which had been granted on the wife to show cause why the appellant should not be permitted to proceed in forma pauperis. In its opinion in support of the order, the lower court indicated that a lack of good faith on the part of the appellant was the basis for the denial of the petition. It appears that the absence of good faith was inferred from appellant's history of being a burden to

others and from his having been a frequent prisoner for 7 years, the latter fact being regarded as foreordaining failure in his action for divorce on ground of adultery.[1] Because we do not believe that the appellant's good faith, for purposes of a rule allowing an indigent to proceed in forma pauperis in a divorce action, was justifiably found to be lacking, we reverse and remand.

Under Pa. R. C. P. No. 1137,[2] a party to a divorce action, upon the submission of a petition averring his inability to pay all or part of the costs, is to be permitted to proceed upon payment of only those costs which he can afford if the court is satisfied of the

---

[1] The lower court stated in its opinion: "In our opinion, a man who is in and out of prison for seven years cannot be considered an innocent and injured spouse, if his wife finds it impossible to deny the compelling drives of nature and to observe complete marital fidelity."

[2] The rule, which took effect on October 5, 1971, reads as follows:

"Rule 1137. Proceedings by Indigent Parties.

"(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition.

"(b) A petition by a plaintiff shall also include a statement of the financial condition of the defendant including income and property, to the extent known to the plaintiff. The petition shall not be denied or delayed because of defendant's financial ability to pay the costs. The entry of an order relieving the plaintiff from costs of the action, in whole or in part, shall not relieve the defendant from any liability for payment of the costs of the action.

"(c) If the plaintiff has been relieved of the payment of all or part of the costs the court by general Rule or special order may provide the procedure by which the defendant may be required to pay such costs. Such proceedings shall in no manner delay or interfere with the disposition of the plaintiff's action."

truth of the averments of indigency. Even should it be assumed that, in addition to the express requirement of established indigence, there is implicit in the rule a requirement of good faith in the seeking of a divorce by a petitioner who is a plaintiff or would-be plaintiff,[3] we do not believe that the appellant's history of being a burden to others permits a discrediting of his good faith; nor do we believe that his frequent imprisonment so clearly would presage failure in his action for divorce on ground of adultery as to be indicative of a lack of good faith. In *Berezin v. Berezin,* 186 Pa. Superior Ct. 340, 346, 142 A.2d 741, 744, *allocatur refused,* 186 Pa. Superior Ct. xxvii (1958), this Court stated that "the only defenses available against a charge of adultery in a divorce case are those expressly enumerated in Section 52 [of The Divorce Law, Act of May 2, 1929, P. L. 1237, 23 P.S. §52]." Section 52 lists as defenses to an action for divorce on ground of adultery (1) the guilt of a like crime by the party seeking divorce, (2) the admitting of the adulterer into conjugal society or embraces by the party seeking divorce after knowledge of the adultery, (3) the permitting of a wife's prostitution by a husband seeking divorce, (4) the receiving of

---

[3] As noted in the text, the rule contains no express requirement of good faith. However, it has been stated that under the rule the petitioned court is to "be satisfied as to the good faith of the proceedings and the indigency of the petitioner." Goodrich-Amram, 1972 Supplement to Binders 1 & 2, at 547. And in *Boddie v. Connecticut,* 401 U.S. 371 (1971), in response to which the rule under discussion was formulated (*see* Goodrich-Amram, 1972 Supplement to Binders 1 & 2, at 544, 546-48), the Court noted that it was undisputed that the parties involved, who were held to be constitutionally entitled to proceed with suits for divorce in spite of inability to pay court fees and service-of-process costs, were seeking divorces in good faith. In view of our disposition of this case, it is unnecessary to determine whether under Pa. R. C. P. No. 1137 good faith in the seeking of a divorce is a prerequisite to the granting of a petition of a plaintiff or would-be plaintiff to proceed in forma pauperis.

hire from a wife's prostitution by a husband seeking divorce, and (5) the subjecting of a wife to lewd company, leading to her adultery, by a husband seeking divorce. *Berezin* held in particular that a party being sued for divorce on ground of adultery could not prevail on the theory that indignities to the person not within the purview of §52 had been committed by the opposing party, rendering that party less than an innocent and injured spouse. Without attempting to adjudicate the issues in the appellant's divorce case, or to state the law on the case, we believe that the presumed failure of his divorce action is subject to sufficient question to preclude a finding of lack of good faith on his part on the ground of lack of merit in his action. Consequently, the order of the lower court must be reversed and the case remanded for entry of such order as the court deems appropriate under Pa. R. C. P. No. 1137, given this Court's holding that appellant's seeking of a divorce is in good faith.[4]

Order reversed and case remanded with a procedendo.

WATKINS, J., dissents.

---

[4] In view of our disposition of this case, it is unnecessary to consider appellant's contention that a denial of a plaintiff's petition to proceed in a divorce action in forma pauperis, on the ground that the divorce claim is unmerited, would constitute a denial of liberty or property without due process of law under the Fourteenth Amendment; it is also unnecessary to consider his contention that a denial of a petition to proceed in forma pauperis in a divorce action on the basis of a petitioner's past imprisonment would constitute a violation of the Fifth and Fourteenth Amendments' prohibition on twice being placed in jeopardy of life or limb for the same offense.