369 A.2d 729

Joyce M. SMITH, Appellant,

v.

Michael E. SMITH.

Superior Court of Pennsylvania.

Argued Nov. 8, 1976.

Decided Feb. 18, 1977.

Michael J. Bresnahan, State College, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant, whose sole source of income is a monthly Department of Public Assistance grant, contends that the lower court erred in denying appellant leave to proceed in a divorce action without payment of fees and costs. We agree, and, therefore, reverse the order of the lower court.

In 1975, appellant petitioned the Court of Common Pleas of Clearfield County to grant her leave to file for a divorce *in forma pauperis*. That petition recited the following facts: appellant, a resident of Olanta, Clearfield County, was married to Michael E. Smith on August 23, 1969, in Joplin, Missouri; when the petition was filed, Michael Smith was incarcerated in the Federal Correctional Institute in Tallahassee, Florida; and her only income amounted to $204, her monthly grant from Public Assistance. She has custody of the couple's only child. After a June 19, 1975 hearing on the petition, the lower court denied her petition and entered the following order: "NOW, this 2nd day of October, 1975, following hearing into the above captioned petition to Proceed in forma pauperis in Divorce and the Plaintiff having left her employment without proper proof of the necessity therefor, it is the ORDER of this Court that said Petition be and is hereby denied." Thereafter, the appellant petitioned this Court to allow her to file an appeal *in forma pauperis*. That petition was denied in a per curiam order entered on December 5, 1975. On April 26, 1976, the Supreme Court reversed that order and remanded to this Court "with instructions to allow petitioner to proceed *in forma pauperis* in connection with her appeal from the Order of the Court of Common Pleas of Clearfield County . . . ." That appeal is now before this Court.

Rule 1137, Pa.R.C.P., 42 P.S.Appendix, provides as follows:

"(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition.

"(b) A petition by a plaintiff shall also include a statement of the financial condition of the defendant including income and property, to the extent known to the plaintiff. The petition shall not be denied or delayed because of defendant's financial ability to pay the costs. The entry of an order relieving the plaintiff from costs of the action, in whole or in part, shall not relieve the defendant from any liability for payment of the costs of the action.

"(c) If the plaintiff has been relieved of the payment of all or part of the costs the court by general Rule or special order may provide the procedure by which the defendant may be required to pay such costs. Such proceedings shall in no manner delay or interfere with the disposition of the plaintiff's action." The rule, added on October 5, 1971, implements the United States Supreme Court's holding in *Boddie v. Connecticut*, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), that a state may not deny a person seeking a divorce access to its courts because of the petitioner's inability to pay the costs of the proceedings. See also, *Tomashefski v. Tomashefski*, —— Pa.Super. ——, 369 A.2d 839 (1976); *Schoepple v. Schoepple*, 239 Pa.Super. 557, 361 A.2d 665 (1976); *Whitehead v. Whitehead*, 224 Pa.Super. 303, 307 A.2d 371 (1973). The inquiry under Rule 1137 is whether a

litigant, in fact, is able to pay costs. Once that factual determination is made by the lower court, *Boddie* requires that the state permit the party to proceed *in forma pauperis.*

This Court recently rejected the view that receipt of a supplementary grant from the Department of Welfare amounted to a *prima facie* showing of inability to pay court costs. *Tomashefski v. Tomashefski,* supra, (dissenting opinion by Hoffman, J.). In *Tomashefski,* this Court held that "[m]ere receipt of supplemental public assistance does not mean that an individual is unable to meet the costs of his legal action. Although proof of financial need is necessary to qualify for public assistance, it would constitute an unrealistically pessimistic assessment of the welfare program to assume that the need persisted even after public funds were made available. The present case provides a good example of a situation where a family, with the help of some welfare assistance to supplement a small income, does make enough to afford the necessities of life and still have some money left over. Such a circumstance does not constitute inability to pay." (—— Pa.Super. at ——, 369 A.2d at 842–843). After two separate hearings, the lower court found that Tomashefski's financial statement was inaccurate and that his testimony established income in excess of expenses sufficient to justify a finding of partial ability to pay costs.

The appellant contends that the court erred in denying her petition to proceed *in forma pauperis.* We noted in *Tomashefski* that "[w]hen a question has arisen under this rule in the past, this Court has referred the matter of determining the veracity of the petitioner's allegations to the lower court. *See Whitehead v. Whitehead,* supra; *Wilson v. Wilson,* 218 Pa.Super. 344, 280 A.2d 665 (1971)." (at ——, 369 A.2d at 842). Appellant failed to have the notes of testimony transcribed in the instant case. Our review of the record is thereby seriously lim-

ited. However, the lower court based its order on a finding that the appellant had unnecessarily left her prior employment.[1] The lower court did not make a finding that appellant was able to pay costs of litigation at present as is required under Rule 1137. As we noted in *Schoepple*, "[u]nder Rule 1137 the issue is whether the petitioner has shown 'his inability to pay all or part of the costs of the action.' This issue is financial, not moral." 239 Pa.Super. at 561, 361 A.2d at 667. Based on the record before this Court, appellant is entitled to proceed *in forma pauperis* in her action for divorce because there has been no finding of ability to pay costs. Rule 1137(a).

Therefore, the order of the lower court is reversed and the case is remanded for further proceedings.

JACOBS and PRICE, JJ., dissent.

---

1. Appellant alleges in her brief that the reason she left her employment was to care for her infant. We cannot assess the merits of her argument, however, because it is not supported by evidence in the record before us.