371 A.2d 1383

**Janet P. NICHOLSON, Appellant,**

**v.**

**Clarence T. NICHOLSON, Sr.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1976.

Decided March 31, 1977.

Reargument Denied April 20, 1977.

Michael J. Bresnahan, State College, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This is an appeal from an order of the court below finding that appellant was able to pay the costs of her divorce and therefore was not entitled to proceed *in forma pauperis.* We affirm.

Appellant's petition to proceed *in forma pauperis* was filed with the Court of Common Pleas of Clearfield County in 1975. Her petition set forth the following facts: she was wed to Clarence T. Nicholson on October 16, 1954, in Chestnut Grove, Clearfield County. Appellant has custody of her eight minor children, all living at home. Her only assets are items of personal property with an estimated worth of $250. Appellant's total monthly income was $550 (now $587), consisting of a $384 (now $410) Public Assistance grant and a supplemental grant of $166 (now $177) from the Social Security Administration for one of her children who is blind.

On June 19, 1975, the lower court held a hearing on appellant's petition and on October 2, 1975, it entered an order finding that appellant was not indigent and denying the requested relief. Appellant petitioned for leave to appeal to this court *in forma pauperis,* which petition was denied in a per curiam order on December 5, 1975. That order was vacated by the Supreme Court of Pennsylvania on April 26, 1976, with instructions to allow the petitioner to proceed *in forma pauperis* with her appeal to this court. That appeal is now before us.

Appellant's claim is based on *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), where the United States Supreme Court held that due process requires the states to make a procedure available whereby persons without the ability to pay are provided with access to the courts for the purpose of obtaining a divorce. This proce-

dure was codified in Pennsylvania under Pa.R.C.P. No. 1137, 42 Pa.C.S., which provides:

"(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition.

(b) A petition by a plaintiff shall also include a statement of the financial condition of the defendant including income and property, to the extent known to the plaintiff. The petition shall not be denied or delayed because of defendant's financial ability to pay the costs. The entry of an order relieving the plaintiff from costs of the action, in whole or in part, shall not relieve the defendant from any liability for payment of the costs of the action.

(c) If the plaintiff has been relieved of the payment of all or part of the costs the court by general Rule or special order may provide the procedure by which the defendant may be required to pay such costs. Such proceedings shall in no manner delay or interfere with the disposition of the plaintiff's action."

█ The filing of a petition alleging indigency thus does not automatically establish the petitioner's right to proceed *in forma pauperis*. "Rule 1137 provides that the court must satisfy itself of the truth of the averment of inability to pay made in the petition before ordering that the petitioner may proceed by paying reduced costs or no costs." *Tomashefski v. Tomashefski,* 246 Pa.Super. 118 at 124, 369 A.2d 839 at 842 (filed November 22, 1976).

█ In the instant case, the lower court held a hearing to determine the veracity and accuracy of appellant's allegations in regard to her financial status. Appellant has not

ordered the notes of testimony from that hearing and thus they are not transcribed. Because of this failure, we are unable to conduct an independent review of the evidence presented. However, as the lower court made a specific finding of non-indigency, the inescapable conclusion is that it was not convinced of the credibility of appellant's budgetary assertions. The financial statement which accompanied appellant's petition below contains several items that are less than self-explanatory: fifty dollars per month in "Transportation" (appellant is not employed, and would thus be spared the expense of travel to and from work); a fifty dollar per month allocation for "Non-Food Items" (in addition to clothing); and a seventeen dollar per month allowance under "Miscellaneous." There is considerable discretion vested in the lower court in examining such a petition so that persons who are not indigent may not enjoy the privileges extended to them without the payment of fees and costs.

■ "When a question has arisen under this rule in the past, this Court has referred the matter of determining the veracity of the petitioner's allegations to the lower court. *See Whitehead v. Whitehead*, 224 Pa.Super. 303, 307 A.2d 371 (1973); *Wilson v. Wilson*, 218 Pa.Super. 344, 280 A.2d 665 (1971)." *Tomashefski v. Tomashefski, supra,* 246 Pa.Super. at 124, 369 A.2d at 842. Here, the lower court specifically found appellant not to be indigent. There is nothing in the record before us to indicate that the court abused its discretion in determining appellant's ability to pay for her divorce.

The order of the lower court denying appellant's petition to proceed *in forma pauperis* is affirmed.

HOFFMAN and SPAETH, JJ., file dissenting opinions.

HOFFMAN, Judge, dissenting:

Appellant contends that the lower court erred in finding pursuant to Rule 1137, Pa.R.C.P., 42 P.S. Appendix, that appellant was able to pay costs and could not, therefore,

proceed in divorce *in forma pauperis.* I agree, and, therefore, dissent.

In 1975, appellant petitioned the Court of Common Pleas of Clearfield County to proceed *in forma pauperis* in her action for divorce. Her petition, prepared by the Keystone Legal Services, recited the following facts: she was married to Clarence T. Nicholson on October 16, 1954, in Chestnut Grove, Clearfield County. Appellant has custody of her eight minor children. Her assets amount to only $250. Her total monthly income is $550; that sum consists of a $384 Public Assistance grant and a $166 grant from the Social Security Administration for one of her children who is blind.

After a June 19, 1975 hearing, the lower court denied the petition and found that appellant was not indigent. Appellant petitioned this Court to grant leave to file an appeal *in forma pauperis.* The petition was denied per curiam in an order entered on December 5, 1975. On April 26, 1976, the Supreme Court vacated that order and remanded the case to this Court "with instructions to allow petitioner to proceed *in forma pauperis* in connection with her appeal from the Order of the Court of Common Pleas of Clearfield County . . . ." That appeal is now before this Court.

Appellant challenges the lower court's finding that the appellant is not indigent for purposes of Rule 1137. In 1971, the United States Supreme Court held that a state could not close its courts to a person seeking a divorce merely because that person was unable to pay court costs. *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). *Boddie* did not define indigency or inability to pay costs. Rule 1137 was promulgated to effectuate *Boddie.* See *Tomashefski v. Tomashefski,* 246 Pa.Super. 118, 369 A.2d 839 (filed November 22, 1976). The rule provides that after a hearing, the court must enter a finding on the petitioner's ability to pay.[1]

---

1. Rule 1137 provides:

"(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of

The task of determining what it means to be able to pay costs has been left to the courts. Recently, in *Schoepple v. Schoepple*, 239 Pa.Super. 557, 361 A.2d 665 (1976), we reviewed the record of the hearing, the lower court's opinion and the appellant's affidavit in support of her petition. We noted the following facts:

". . . Appellant's monthly expenses are $158.31. These expenses include a monthly installment payment of $15.00 for a color television set that appellant had purchased two months before the hearing for $316.94. This purchase was the main reason for the lower court's refusal to excuse appellant from paying all of the fees incident to her divorce action (N.T. 4–5; Memorandum Opinion, at 2). Appellant testified that she made the purchase to provide her with a diversion at home, stating that 'I don't go anywhere. I don't go to no movies' (N.T. 4). The court, however, was unimpressed by this explanation, stating that it could 'see no reason why she couldn't pick up $15.00 a month to pay a lawyer after she finishes paying [for] the colored T.V.' If appellant did this, she would have to wait about twenty months before she could proceed with her divorce action (N.T. 5)." 239 Pa.Super. at 560, 361 A.2d at 667. We held that " . . . [t]he lower court's emphasis on appellant's installment payments was error. Under Rule 1137 the issue is whether the petitioner has shown 'his inability to pay all

the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition.

"(b) A petition by a plaintiff shall also include a statement of the financial condition of the defendant including income and property, to the extent known to the plaintiff. The petition shall not be denied or delayed because of defendant's financial ability to pay the costs. The entry of an order relieving the plaintiff from costs of the action, in whole or in part, shall not relieve the defendant from any liability for payment of the costs of the action.

"(c) If the plaintiff has been relieved of the payment of all or part of the costs the court by general Rule or special order may provide the procedure by which the defendant may be required to pay such costs. Such proceedings shall in no manner delay or interfere with the disposition of the plaintiff's action."

or part of the costs of the action.' This issue is financial, not moral. It may be that appellant was extravagant in purchasing the television set; if so, however, that fact would not by itself preclude a finding of inability to pay costs. . . . Rule 1137, however, only requires proof of present inability to pay costs. If a petitioner proves such inability, he is entitled to relief." Id. 239 Pa.Super. at 561, 361 A.2d at 667–68.

In *Schoepple,* we relied upon our decision in *Gerlitzki v. Feldser,* 226 Pa.Super. 142, 307 A.2d 307 (1973), which interpreted the Act of June 16, 1836, P.L. 715, § 28, 5 P.S. § 72, that permitted a court to grant leave to appeal *in forma pauperis* from an award of arbitrators if the party "shall therein set forth that, by reason of poverty, he is unable to pay the costs of the suit." In *Gerlitzki,* we stated that "[t]he Act . . . is to be read not with an accountant's but a housewife's eyes. 'Poverty' does not refer solely to a petitioner's 'net worth' but to whether he is able to obtain the necessities of life. *Where, as here, petitioners allege that they have no income except public assistance benefits, and that their net worth is minimal, it appears prima facie that they are in poverty."* 226 Pa.Super. at 144, 307 A.2d at 308. (Emphasis added).

The law seemed to be well-settled that once it was shown that a party was on welfare, he was "indigent" for purposes of further court proceedings. That principle was apparently abrogated by this Court in *Tomashefski v. Tomashefski,* supra (dissenting opinion by Hoffman, J.). The petitioner in *Tomashefski* received a supplementary grant of $120 every two weeks from the Department of Public Welfare under the Aid to Families with Dependent Children program. A majority of our Court held that "[m]ere receipt of supplemental public assistance does not mean that an individual is unable to meet the costs of his legal action. Although proof of financial need is necessary to qualify for public assistance, it would constitute an unrealistically pessimistic assessment of the welfare program to assume that the need persisted even after public funds were made available. . . . " (246 Pa.Super. at 125, 369 A.2d at 842).

In the instant case, the appellant filed a petition in which she alleged that she received a public assistance grant and that she was indigent. The lower court held a hearing and concluded that, in fact, she was not indigent. Appellant challenges the sufficiency of that finding. However, appellant failed to have the testimony transcribed. Thus, this case is in a difficult posture for purposes of our review. In general, we will not reverse the lower court's finding absent an abuse of discretion. *Whitehead v. Whitehead*, 224 Pa.Super. 303, 307 A.2d 371 (1973); *Wilson v. Wilson*, 218 Pa.Super. 344, 280 A.2d 665 (1971). Here the court made a specific finding of non-indigency. Because there are no notes of testimony, we cannot review that finding.

In my view, the problem should be resolved as follows: Appellant established a *prima facie* case of indigency and inability to pay by showing that she receives public assistance; that shifted the burden to the Commonwealth to show that the appellant was not indigent. *Tomashefski v. Tomashefski*, supra (dissenting opinion by Hoffman, J.). Therefore, failure to have the notes of testimony transcribed should not work a disability against the appellant because the only evidence of record establishes appellant's right to proceed *in forma pauperis*. See Rule 1137. There is no evidence in the record that the Commonwealth rebutted appellant's *prima facie* showing of indigency.

Because I adhere to my dissent in *Tomashefski* that receipt of public assistance amounts to a *prima facie* showing of indigency, I would reverse the lower court and order that appellant be permitted to proceed *in forma pauperis*.

SPAETH, Judge, dissenting:

I dissent for the reasons stated in *Schoepple v. Schoepple*, 239 Pa.Super. 557, 361 A.2d 665 (1976), and *Gerlitzki v. Feldser*, 226 Pa.Super. 142, 307 A.2d 307 (1973).