371 A.2d 1387

**Nancy J. MOSKOL, Appellant,**

v.

**Edward L. MOSKOL.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1976.

Decided March 31, 1977.

Reargument Denied April 20, 1977.

Michael J. Bresnahan, State College, for appellant.

No appearance entered nor brief submitted for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

Appellant herein seeks to proceed with her divorce action *in forma pauperis.* This is an appeal from an order of the court below holding that "the Petitioner has sufficient income to pay the costs of taking and transcribing testimony at the Master's hearing on said matter and all other costs and expenses shall be waived." We affirm.

Appellant's petition to proceed *in forma pauperis* presented the following facts: she married Edward L. Moskol on November 17, 1962, at Le Contes Mills, Pennsylvania. Appellant supports herself and five minor children solely on a $384 (now $411) Public Assistance grant. Her only assets are personal property valued at $150.

The lower court held a hearing on appellant's petition on June 19, 1975, and, on October 2, 1975, it entered the above-quoted order. Appellant petitioned for leave to appeal to this court *in forma pauperis,* which petition was denied in a per curiam order on December 5, 1975. That order was vacated by the Supreme Court of Pennsylvania on April 26, 1976, with instructions to allow the petitioner to proceed *in forma pauperis* with her appeal to this court. That appeal is now before us.

In *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the United States Supreme Court held that due process requires the existence of a procedure whereby persons who are unable to pay are provided with access to the courts for the purpose of obtaining a divorce. In Pennsylvania, this procedure is set out in Pa.R.C.P. No. 1137, 42 Pa.C.S., which provides, *inter alia:*

"(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay."

▪ The mere filing of a petition under the Rule thus does not automatically establish the petitioner's right to proceed *in forma pauperis.* "Rule 1137 provides that the court must satisfy itself of the truth of the averment of inability to pay made in the petition before ordering that the petitioner may proceed by paying reduced costs or no costs." *Tomashefski v. Tomashefski,* 246 Pa.Super. 118 at 124, 369 A.2d 839, 842 (1976).

▪ Here, the lower court held a hearing to examine appellant's budgetary information and to otherwise inquire into the allegation of indigency in appellant's petition. Appellant has not ordered the notes of testimony from that hearing and thus they are not transcribed. Because of this failure, we are unable to conduct an independent review of the evidence presented. However, there is considerable dis-

cretion vested in the lower court in examining such a petition so that persons who are not indigent may not enjoy the privileges extended to them without the payment of fees and costs. Also, the burden of satisfying the lower court of the truth of averments of indigency is upon the person asserting that status. *Whitehead v. Whitehead,* 224 Pa.Super. 303, 307 A.2d 371 (1973); *Wilson v. Wilson,* 218 Pa.Super. 344, 280 A.2d 665 (1971).

█ "When a question has arisen under this rule in the past, this Court has referred the matter of determining the veracity of the petitioner's allegations to the lower court. *See Whitehead v. Whitehead, supra; Wilson v. Wilson,* 218 Pa.Super. 344, 280 A.2d 665 (1971)." *Tomashefski v. Tomashefski, supra,* 246 Pa.Super. at 124, 369 A.2d at 842. Here, the lower court made a determination of appellant's ability to pay and granted her substantial relief, excusing all costs other than that of transcribing the testimony from the master's hearing. There is nothing in the record to indicate that the court abused its discretion in determining appellant's ability to pay a reasonable portion of the cost of her divorce.

The order of the lower court is affirmed.

HOFFMAN and SPAETH, JJ., file dissenting opinions.

HOFFMAN, Judge, dissenting:

The instant case involves facts and issues identical to those raised in *Nicholson v. Nicholson,* 247 Pa.Super. 172, 371 A.2d 1383 (filed March 31, 1977). I dissent for the reasons stated in my dissenting opinion in *Nicholson.*

SPAETH, Judge, dissenting:

I dissent for the reasons stated in *Schoepple v. Schoepple,* 239 Pa.Super. 557, 361 A.2d 665 (1976), and *Gerlitzki v. Feldser,* 226 Pa.Super. 142, 307 A.2d 307 (1973).