438 A.2d 986

**Karen Lee SELLERS, Appellant,**

v.

**Gilbert Ray SELLERS.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed Dec. 18, 1981.

266

Richard L. Jacobs, Beaver Falls, for appellant.

Gilbert Ray Sellers, in pro. per.

Before CERCONE, President Judge, and SHERTZ and WIEAND, JJ.

SHERTZ, Judge:

Appellant, Karen Lee Sellers, filed a petition with the lower court in which she sought to be relieved of the costs of an action in divorce pursuant to Rule 1137, Pa.R.Civ.P.[1] The lower court issued an Order, granting in part and denying in part, the request to proceed *in forma pauperis.*[2] From that Order Appellant took the instant appeal in which she asserts the lower court abused its discretion in its failure to relieve her fully of the divorce costs. We agree with this assertion.

[1] Rule 1137, applicable at the time of these proceedings, was rescinded effective 7/1/80 and substantially re-enacted at Rule 1920.62, Pa.R.Civ.P., effective 7/1/80. Rule 1137 provided:

**Proceedings by Indigent Parties**

(a) Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, upon being satisfied of the truth of the averments of the petition, shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition.

(b) A petition by a plaintiff shall also include a statement of the financial condition of the defendant including income and property, to the extent known to the plaintiff. The petition shall not be denied or delayed because of the defendant's financial ability to pay the costs. The entry of an order relieving the plaintiff from costs of the action, in whole or in part, shall not relieve the defendant from any liability for payment of the costs of the action.

(c) If the plaintiff has been relieved of the payment of all or part of the costs the court by local rule or special order may provide the procedure by which the defendant may be required to pay such costs. Such proceedings shall in no manner delay or interfere with the disposition of the plaintiff's action.

[2] The Order directs that:

.... petitioner herein, may proceed with her cause of action in divorce ... without the payment in advance of costs or fees except initial filing and service costs.

In the event that petitioner ... is successful in obtaining a divorce ... all costs and fees initially borne by ... the plaintiff are to be assessed against the defendant....

The facts of this case may be briefly summarized.[3] Appellant, who is the mother of two minor children for whom she receives no support from her husband, has income in the amount of $294 per month from public assistance. Her petition set forth monthly expenses amounting to $288.50.[4] In addition, the petition avers that she owns no real property, no personal property of significant value, no stocks, bonds, or savings accounts.

At the time of the hearing held in this matter, Appellant had been separated from her husband for approximately three months. She testified to the fact that she had relatives living nearby but that her husband had moved to Ohio. Finally, she stated she could not afford the costs of a divorce.

 The lower court has considerable discretion in examining a petition to determine indigency, *Moskol v. Moskol*, 247 Pa.Super.Ct. 181, 371 A.2d 1387 (1977), and this Court will not reverse absent an abuse of same. *Id.*, 247 Pa.Super. at 183, 371 A.2d at 1389. Moreover, the mere filing of a petition

> does not automatically establish the petitioner's right to proceed *in forma pauperis*. "Rule 1137 provides that the court must satisfy itself of the truth of the averment of inability to pay made in the petition before ordering that the petitioner may proceed by paying reduced costs or no costs."

*Nicholson v. Nicholson*, 247 Pa.Super.Ct. 172, 175, 371 A.2d 1383, 1384 (1977) (citations omitted). One who seeks to be relieved of costs under Rule 1137 has the burden of satisfy-

---

**3.** The facts of record are derived from the petition filed below and a hearing held in connection therewith.

**4.** At the hearing below Appellant testified to expenses amounting to $314 per month. In her brief Appellant explains this discrepancy on the basis of "monthly fluctuation in the amount of utilities used and other necessary purchases." Brief for Appellant at 16. Accepting even the lesser of these two figures, which differ by only $16, we conclude Appellant is unable to afford the costs assessed by the lower court.

ing the lower court as to inability to pay. *Moskol,* 247 Pa.Super.Ct. at 183, 371 A.2d at 1389.

In making a determination that one is able to pay, in part, the costs of a divorce, the trial court is, however, limited in the factors upon which it may rely. In this instance the trial court has not indicated, nor does the record disclose, significant flaws in the reliability of Appellant's figures. *Compare, Tomashefski v. Tomashefski,* 246 Pa.Super.Ct. 118, 369 A.2d 839 (1976). Appellant presented uncontradicted and *unquestioned* testimony that her sole source of income was $294 per month from public assistance and that she possessed no assets of significant worth. "If a person is on public assistance, and (his) net worth is minimal, there will be a prima facie showing of inability to pay costs." *Howell v. Howell,* 245 Pa.Super.Ct. 483, 485, 369 A.2d 731, 732 (1977) (citations omitted). Appellant's expenses amounted to at least $288.50 per month. Thus, although, as the trial court states, she may have "a little money" left at the end of each month, Trial Ct. Slip.Op. at 2, it still would be *eleven months* before she could afford the costs assessed. Although the trial court may consider ability to pay in the *near* future, a period of eleven months cannot be so deemed. *See, e.g., Schoepple v. Schoepple,* 239 Pa.Super.Ct. 557, 561, 361 A.2d 665, 668 (1976); *Howell,* 245 Pa.Super.Ct. at 485–87, 369 A.2d at 732–33.

The trial court further places reliance upon the fact that Appellant sought a divorce "only three months after (this) separation . . . had immediate family in Beaver County . . . did not file a (C)omplaint in (S)upport against (him) until she was required to do so by the Department of Public Assistance." [5] Trial Ct. Slip Op. at 2. As has often been stated by this Court, "the question upon which we must focus, as it is posed by the rule, is the party's 'inability to

5. Insofar as this last factor is concerned, Appellant's petition states that her husband was living in Ohio and that she believed him to be unemployed. Thus, even if the court below could properly consider Appellant's failure to obtain support *within three months* of separation from her husband, the aforementioned factors would mitigate this failure.

pay all or part of the costs of the action.' "[6] *Tomashefski*, 246 Pa.Super.Ct. at 123, 369 A.2d at 842 (citation omitted). *See also Howell, supra; Smith v. Smith*, 245 Pa.Super.Ct. 479, 369 A.2d 729 (1977). Focusing upon that question in this instance, we find that Appellant is unable to afford the costs of divorce levied by the lower court.

Therefore, that portion of the Order of the lower court requiring Appellant to pay initial filing and service costs is reversed and the case is remanded for further proceedings. Jurisdiction is not retained.

6. It is significant to note that the trial court never concluded Appellant herself was able to afford the costs. Rather, the Court appears to be saying Appellant should wait for a divorce or the costs should be borne by third parties.