J-A14011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| Silvia Santo | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| Chad Batterman | : | No. 3258 EDA 2024 |
| Appellant | : | |

Appeal from the Order Entered November 18, 2024
And the Order Entered December 6, 2024
In the Court of Common Pleas of Bucks County
At No. 2024-DR-00154

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY PANELLA, P.J.E.:                     **FILED MAY 21, 2025**

Chad Batterman, Appellant, appeals from the orders entered on November 18, 2024 and December 6, 2024, filed by the Court of Common Pleas of Bucks County, Pennsylvania.  In the November 18, 2024, Order, the trial court denied Batterman's petition for modification of child support and denied his request for *in forma pauperis* status. In the December 6, 2024, Order, the trial court found Batterman in contempt for failing to pay child support although he had the financial ability to pay.

_____

* Retired Senior Judge assigned to the Superior Court.

Batterman filed a "STATEMENT OF ERRORS COMPLAINED OF ON APPEAL" on January 2, 2025 in the trial court, and stated that he was requesting review of the November 18, 2024 Order. This statement is five pages and contains 27 paragraphs in a rambling, incohesive fashion. Batterman filed a second statement on January 7, 2025, addressing the Order of December 6, 2024. This statement is eight pages long with 49 paragraphs and is mostly confusing and incoherent, raising issues which date back to the inception of the support actions and not related to the issues addressed in the December 6, 2024 Order.

Pennsylvania Rule of Appellate Procedure No. 1925(b) requires, when ordered by the trial court, "a concise statement" of the errors complained of on appeal. A concise statement which is too vague to allow the trial court to identify and address the issues on appeal is the functional equivalent of no concise statement. Statements which are too lengthy create confusion for the trial court, and inhibit meaningful review.

Pursuant to our Rules of Appellate Procedure, an appellant "shall set forth only those errors that the appellant intends to assert" in the concise statement of matters complained of on appeal. Pa.R.A.P. 1925(b)(4)(i). Moreover, an appellant's 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge[,]" and it "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(ii), (iv). Any

issues "not raised in accordance with the provisions of [Pa.R.A.P. 1925(b)(4)] are waived." Pa.R.A.P. 1925(b)(4)(vii).

Batterman's brief is largely nonsensical and lacks conformity with the Rules of Appellate Procedure. The caption of Batterman's brief states that he is appealing the November 18, 204 Order, however, on page 1 of the brief, in Section II, "ORDER OR OTHER DETRMINATION IN QUESTION" he cites the December 6, 2024 Order. In Section VI, "SUMMARY OF ARGUMENT & APPELLANT'S ARGUMENT" he addresses the November 18, 2024 Order. Even applying a liberal construction of the brief due to his self-represented status does not remedy many of the brief's inadequacies, thereby precluding meaningful appellate review.

Despite these deficiencies, which could have resulted in this appeal being quashed, we elected to review the merits of Batterman's arguments, as best we can discern them. Following this review, we find that the trial court, per the well-written and comprehensive Opinion filed by the Honorable James M. McMaster on February 3, 2025, thoroughly analyzed the issues and correctly concluded that the aforementioned Orders should be affirmed.

Accordingly, we affirm on the basis of the trial court's opinion dated February 3, 2025, which is attached hereto.

The Prothonotary is directed to remove this case from the Argument List of June 3, 2025.

Orders affirmed.

- 4 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 5/21/2025

# IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
## FAMILY DIVISION

| | | |
|---|---|---|
| SILVIA SANTO | : | NO.: 2024-DR-00154 |
| Appellee | : | |
| v. | : | |
| | : | PACSES: 267116855 |
| CHAD BATTERMAN | : | |
| Appellant | : | |

## OPINION

Appellant, Chad Batterman ("Father"), moving *pro se*, appeals from two orders by this Court. The first is an Order entered by this Court on November 18, 2024 denying both Father's Petition for Modification of Support and *In Forma Pauperis* Petition. The second appeal is from the Order dated December 6, 2024, which found Father in contempt. For the reasons discussed below, we recommend our Orders be affirmed.

## BACKGROUND

Mother, Silvia Santo ("Mother") and Father are the natural parents of two minor children: C.B., born on October ██ 2015 and D.B., born on October ██ 2017.

This case was bought in Bucks County by being transferred from Philadelphia County Court of Common Pleas. A Philadelphia Order dated September 26, 2023 directed Father to pay $674.48 per month plus $51.00 in arrears. Through an Order dated April 25, 2024, this Court registered the Foreign Support Order Number 17-01602 issued by the Philadelphia County Court effective August 23, 2023, which directed Father to pay $674.48 per month for the children, with arrears of $28,575.23.

1

On June 20, 2024, a Petition for Contempt was filed against Father. As of that date arrears totaled $29,924.19.

Father filed a modification petition on August 2, 2024.

Father filed his petition for *in forma pauperis* on November 7, 2024.

Father filed his first appeal on December 5, 2024, from the Order dated November 18, 2024 in which this Court denied Father's Petition for Modification of Support and denied the *In Forma Pauperis* Petition, 2024. The Order also directed the Bucks County Domestic Relations Section to issue an Order for the Release of Information from the Law Firm of Leonard Sciolla and Zurich American Institute Insurance Company for information regarding lawsuits and settlement proceeds on behalf of or made available to Father.

Father's second appeal was filed December 16, 2024, from an Order dated December 6, 2024 in which this Court found Father in contempt for willfully failing to pay the court ordered amount while having the financial ability to pay. Father was remanded Bucks County Correctional Facility for six months effective December 6, 2024 with a purge amount of $25,000.00, which was immediately paid.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Father filed both of his Concise Statement of Matters Complained of on Appeal as required by Pa. R.A.P. 1925(b). We respectfully suggest both appeals be quashed as a clear violation of Rule 1925(b).

2

## A. Appeal from Order Dated November 18, 2024

In Father's first appeal of the Order dated November 18, 2024, this Court points out that this Statement is not concise. It is attached as Exhibit A. The body of it is 5 pages and 27 paragraphs long plus exhibits. It is a redundant statement in violation of Pa. R.A.P. 1925(b)(4)(i)(ii)(iv). We respectfully suggest that his appeal be quashed as a clear violation of Rule 1925(b).

## B. Appeal of the Order dated December 6, 2024

In Father's second Concise Statement of Matters Complained of on Appeal of the Order dated December 6, 2024, this Court points out the Statement is 8 pages and 49 paragraphs long plus exhibits. Similarly, it is violation of Pa. R.A.P. 1925(b)(4)(i)(ii)(iv). We respectfully suggest that his appeal be quashed as a clear violation of Rule 1925(b). Father's second Concise Statement of Matters Complained of on Appeal for his appeal of the Order December 6, 2024 order is attached as Exhibit B.

If the combined appeals are not quashed we believe that Father's appeals comprise of three complaints: (1) our denial of Father's Petition for Modification of Support, (2) our denial of Father's Petition for *In Forma Pauperis*, and (3) our decision to find Father in contempt.

## STANDARD OF REVIEW

In reviewing child support orders, appellate courts employ an abuse of discretion standard of review. *Colonna v. Colonna*, 855 A.2d 648, 652 (Pa. 2004). For *In Forma Pauperis* petitions, the standard is whether the trial court

3

committed an abuse of discretion or an error of law. *D.R.M. v. N.K.M.*, 153 A.3d 348, 350-51 (Pa. Super. 2016). Lastly, in determining appeals from contempt, the Superior will reverse only upon a showing of an abuse of discretion. *Diamond v. Diamond*, 792 A.2d 597, 600 (Pa. Super. 2002). An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will. *Conway v. Conway*, 209 A.3d 367, 371 (Pa. Super. 2019).

## DISCUSSION

Father appeals two orders issued from this Court. The first is an Order entered by this Court on November 18, 2024 denying both Father's Petition for Modification of Support and the *In Forma Pauperis* Petition. The second appeal is from the Order dated December 6, 2024, in which this Court found Father in contempt. Concluding the multiple days of hearings on this case, we found Mr. Batterman was not a credible witness.

A. Order Dated November 18, 2028

1. Petition for Modification of Support

Father's Petition for Modification of Support was filed on August 2, 2024. By Order dated November 18, 2024, this Court denied Father's Petition. Generally, child support is based on the parties' monthly net incomes. Pa. R.C.P. 1910.16-2. Support law defines "income" to include income from any source. 23 Pa. C.S.A. § 4302. This includes, but is not limited to wages, salaries, bonuses, fees, commissions, net income from business or dealings in property, interests, rents,

4

royalties, and dividends, pensions and all forms of retirement, Social Security disability benefits, Social Security retirement benefits, temporary and permanent disability benefits, workers' compensation, and unemployment compensation; as well as other entitlements to money or lump sum awards, without regard to source, including lottery winnings, income tax refunds, insurance compensation or settlements, awards and verdicts, and payments due to and collectible by an individual regardless of source. Pa. R.C.P. 1910.16-2(a). The only items eligible for deduction to arrive at the accurate monthly net income are federal, state, and local income taxes; unemployment compensation taxes and Local Services Taxes; F.I.C.A. payments and non-voluntary payments; mandatory union dues; and alimony paid to the other party. Pa.R.C.P. 1910.16-2(c).

In determining a party's ability to provide support, the focus is on earning capacity rather than on the parent's actual earnings. *Calibeo v. Calibeo*, 663 A.2d 184 (Pa. Super. 1995). When a party willfully fails to obtain, or fails to maintain appropriate employment, the courts may impute to the party an income equal to that party's earning capacity. Pa. R.C.P. 1910.16-2(4)(i); *Portugal v. Portugal*, 798 A.2d 246, 250 (Pa. Super. 2002). In determining earning capacity, the court must look not to what the spouse could theoretically earn, but what they could realistically earn considering each party's:

(A) Child care responsibilities and expenses;
(B) Assets;
(C) Residence;
(D) Employment and earnings history;
(E) Job skills;
(F) Educational attainment;
(G) Literacy;
(H) Age;

5

(I) Health;

(J) Criminal record and other employment barriers;

(K) Record of seeking work;

(L) Local job market, including the availability of employers who are willing to hire the party ;

(M) Local community prevailing earnings level; and

(N) Other relevant factors

Pa.R.C.P. 1910.16-2(d)(4).

As to Father's Petition for Modification of his support obligation, Rule 1910.19 provides that a petition for modification or termination of an existing support order shall specifically aver the material and substantial change in circumstances upon which the petition is based. The burden of proof is on the petitioner who seeks to modify or terminate the order. *Jeske v. Jeske*, 423 A.2d 1063 (Pa. Super. 1981). Rule 1910.19(c) allows the Court to modify or terminate the existing support order in any appropriate manner based on the evidence presented without regard to which party filed the petition for modification. If the court determines there has been a material and substantial change in circumstances, the order may be increased or decreased based on the parties' respective monthly net incomes, consistent with the support guidelines, existing law, and Pa. R.C.P. No. 1910.18(d), and the party's custodial time with the child at the time the modification petition is heard. We have explained why Father failed to meet his burden below.

Father's earning capacity was determined by the Philadelphia County Court of Common Pleas. The Support Guideline Calculation assessed Father to have a total gross monthly earning of $3,000 and a net monthly income of $2,018.91. At the time of the Philadelphia County's determination, the child support calculation was $686.00.

6

The conference officer proposed to increase Father earning capacity from $36,000 a year to $52,000 a year. N.T. 11/18/2024, p. 44. 4-6. Father owned a software development company and was given earning capacity based on the guideline calculation for a computer information occupation. N.T. 11/18/2024, p. 44. 8-11. Father went to Northeastern University and has a bachelor's degree in management marketing. N.T. 11/18/2024, p. 62. 17-21. Prior to owning the software development company, Father did facilities and operations, for conference centers his parents own and operate. N.T. 11/18/2024, p. 44. 19-21. The facility is 33-acres with 20 buildings on the property. *Id.* at 25; *Id.* p. 61. 3. Father argues that the facilities and operations would bring the earning capacity down to what he would have the ability to earn. *Id.* at 21-22. Facilities operations included setting up chairs for the conference center, making sure everything was cleaned and organized, and making sure the sleeping accommodations were ready. N.T. 11/18/2024, p. 60. 21-23.

In order for this Court to modify Father's support obligation, Father had to show there was a substantial change in circumstance. Father has allegedly not received any income in numerous years. N.T. 8/2/2024, p. 24. 7-9. Father allegedly has not been able to work due to multiple injuries since 2019. N.T. 8/2/2024, p. 8. 4-5.

We mention Father's most recent complaints about his alleged back injury and chest. Father appears to have visited a variety of doctors, and yet there is no explanation of Father's conditions or why he is not able to work. While Father had submitted Physician Verification Forms (PVF), they were based on Father's

7

self-reporting of his multiple alleged injuries and not objective testing results. The PVF for Father's back by Dr. Douglas Sutton, states that it is unknown as to when father will be able to return to work or what his limitations are, dated September 12, 2024. Dr. Hal Hockfield states in his PVF dated August 20, 2024, that that it is unknown as to when father will be able to return to work or what are his limitations. As to father's chest complaints, on October 25, 2024, Dr. John Dudzinski states it is unknown as to Father's date to be able to return to work and his limitations will be determined after testing. In another PVF from Dr. Zakrzewski dated October 22, 2024 states Father has a medical condition that affects his ability to earn an income with an unknown end date, it is unknown when father will be able to return to work or what the limitations are, but he is seeing a specialist in ortho and cardiology.

Importantly, Father applied for Social Security disability benefits but was denied. N.T. 8/2/2024, p. 31. 15-19. Father did not appeal the denial. N.T. 11/18/2024, p. 45. 3-4. In response to Father's Social Security denial, Father stated, "I don't have a disability, that's correct." N.T. 8/2/2024, p. 31. 18.

In denying Father's Petition for Modification, this court determined that Mr. Batterman was not a credible witness and intentionally deceived the Court and his doctors about his ability to work. Father has previous experience in owning a software development company, which the guideline calculation set Father's earning capacity to be at $3,000.00 a month. He also has experience working for his parents' conference center. Since the order was entered, Father has not shown a substantial change in circumstances. As a matter of fact, there

8

has not been any change at all. Father is still complaining of multiple injuries. Father is stating he is unable to work, but none of the Physician Verification Forms confirm that he is unable to work, instead they state that it is unknown as to when Father may return to work. For the stated reasons, we denied Father's Petition for Modification of Support. Therefore, our Order dated November 18, 2024 should be affirmed.

### 2. Petition for In Forma Pauperis

The next part of our Order dated November 18, 2024 Father is appealing is this Court's denial of Father's Petition for *In Forma Pauperis*. According to Pennsylvania Rules of Civil Procedure 240, the rule applies to all civil actions and proceedings except actions pursuant to the Protection From Abuse Act and Protection of Victims of Sexual Violence or Intimidation Act. Pa. R.C.P. 240. A party who is without financial resources to pay the costs of litigation is entitled to proceed *in forma pauperis*. Pa. R.C.P. 240(b). The affidavit in support of a petition for *in forma pauperis* shall include: (1) I am the (plaintiff) (defendant) in the above matter and because of my financial condition am unable to pay the fees and costs of prosecuting or defending the action or proceeding; (2) I am unable to obtain funds from anyone, including my family and associates, to pay the costs of litigation; and (3) I represent that the information below relating to my ability to pay the fees and costs is true and correct. Pa. R.C.P. 240(h). The mere filing of a petition for in forma pauperis status will not automatically establish the petitioner's right to proceed in that status. *Nicholson v. Nicholson*, 371 A.2d 1383, 1384 (Pa. Super. 1977). The trial court must satisfy itself of the

9

truth of the averment of inability to pay. *Id.* The trial court has considerable discretion in determining whether a person is indigent for purposes of an application to proceed *in forma pauperis*, however, in making that determination, it must focus on whether the person can afford to pay and cannot reject allegations in an application without conducting a hearing. *Commonwealth v. Cannon*, 954 A.2d 1222, 1226 (Pa. Super. 2008) (citing *Amrhein v. Amrhein*, 903 A.2d 17, 19 (Pa. Super. 2006)).

Father appeals this Court's denial of his Petition for *In Forma Pauperis* in Order dated November 18, 2024. Father filed his Petition for *In Forma Pauperis* on November 7, 2024. This Court held a hearing on Father's petition on November 18, 2024. Based on testimony provided during the hearing, this Court found Father with the financial resources to pay the costs of litigation and not entitled to proceed *in forma pauperis.*

This Court points out Father lives at a business owned by his parents, with a conference center and a corporate retreat center where Father can get food, but he is not paying for the food, the business does. N.T. 11/18/2024, p. 53. 11-16. This is the same business where Father previously worked. Father's parents cover his rent, utilities and costs of living. N.T. 8/2/2024, p. 7. 13-17. Similarly, Father stated he had travel expenses. N.T. 8/11/2024, p. 14. 15-18. Later, Father stated, "I don't have -- I don't have -- I don't pay any expenses. I have access to one of my father's vehicles every now and then, but there's no expenses that I incur for using that vehicle." *Id.* at 20-23. The rule states *in forma pauperis* petitions are for a party who is without any financial resources. As part

10

of the petition, they have to state they're unable to obtain funds from anyone, including family. Father's family has paid his fees in the past, it would not be incredible to believe that they would not pay the fees today. N.T. 11/18/2024, p. 107. 15-22. Father's parents continue to pay for all of his expenses.

Most importantly, Father has funds held in escrow from a personal injury settlement. The total settlement amount was $52,499.00, after attorney fees, cost, and lien by Independence Blue Cross, the net proceeds available to Father are $25,427.78. See Exhibit M-3, Settlement/Distribution Statement from Hearing dated 12/6/24. Overall, Father was evasive and allegedly could not remember details about the settlement checks or documents received from his attorney. *See generally*, N.T. 12/6/24, p. 15-18. When asked about the settlement, Father stated numerous times "I don't recall," "I don't remember," and "I have no idea." N.T. 12/6/24, p. 15. 10, 12, 18, 25. Father allegedly did not recognize the Settlement Distribution Statement and allegedly did not remember signing the document at any time. N.T. 12/6/24, p. 15. 5-18. Father did sign the General Release form for an accident occurring in January 2019 with a total settlement amount of $52,499.00. Father was aware that one of the checks for the settlement was cashed and the other two were not. N.T. 12/6/24, p. 16. 9-12. But Father could not remember signing the other two. N.T. 12/6/24, p. 16. 1-2. Father was found to be deceptive in court, as to his knowledge of his settlement of his personal injury case. N.T. 12/6/24, p. 30. 23-25. We determined that Father had ready access to the $25,427.78 from his personal

11

injury settlement and he was deliberately failing to finalize his settlement to avoid paying his support or the costs of his extensive court proceedings.

This Court determined Father was capable of gainful employment. By Order dated August 2, 2024 Defendant was handed job search forms during the hearing. Father's response for not filling out the Job Search Forms was, "I have no idea what to do with that. I was handed it. Your Honor said you were just concerned if I was able to work. I've never received one before. I had no idea that I was supposed to do anything with that." N.T. 8/16/2024, p. 12. 4-8. As a response, this Court entered another Order dated August 16, 2024, stating Defendant was provided with Job Search Form and is to be completed and provided at the rescheduled hearing. According to the Job Search Forms, Father applied to Home Depot, Lowe's, Target, and Best Buy, even though he believed he could not work, lift, or bend. N.T. 11/4/2024, p. 15. 16-18. In response, Father stated, "I don't have to -- what's to say I can't sit down at Home Depot? You can be a greeter at Home Depot. You can work in customer service, sitting on a chair in Home Depot. They have -- they comply with the U.S. Disabilities Act. There's disabled individuals working there, and I'm disabled the same." N.T. 11/4/2024, p. 15. 22-25; p. 16. 1.

The Physician Verification Forms do not state Father is unable to work in sedentary position, at a computer. 11/4/2024, p. 27. 22-25. In the hearing dated August 2, 2024, Father was able to carry a United States Postal Service Box and backpack. 8/2/2024, p. 33. 5-7. During another hearing, Father was able to sit at his computer and type fast without any issues. 11/18/2024, p. 107. 1-2.

12

Father was able to stand without an issue. *Id.* at 2-3. Father was able to carry around a box, clearly showing like there was not an issue with bending or lifting objects. *Id.* at 4-6.

Concluding the hearing, this Court determined that Father was not indigent and denied his application to proceed *in forma pauperis*. Father was determined to be able to afford to pay for the cost of the litigation. This Court found Mr. Batterman was not a credible witness. N.T. 12/6/24, p. 30. 19-20. We believe Mr. Batterman was intentionally deceiving the Court and his doctors about his ability to work. N.T. 12/6/24, p. 30. 20-21. The evidence suggests that he is continuing to work for the business his parents own and they are compensating him for his work by paying all of his expenses for him. For the stated reasons, we denied Father's Petition for In Forma Pauperis. Therefore, our Order dated November 18, 2024 should be affirmed.

### B. Contempt Order Dated December 6, 2024

Father's second appeal is to this Court's Order dated December 6, 2024 where we found Father in contempt. Under Pennsylvania law, a person who willfully fails to comply with any order under this chapter may be adjudged in contempt. 23 Pa. C.S.A. § 4345(a). Contempt shall be punishable by any one or more of the following: (1) Imprisonment for a period not to exceed six months; (2) A fine not to exceed $1,000; (3) Probation for a period not to exceed one year. *Id.* An order committing a defendant to jail under this section shall specify the condition the fulfillment of which will result in the release of the obligor. 23 Pa. C.S.A. § 4345(b). To be found in civil contempt, a party must have violated a

13

court order. *Hyle v. Hyle,* 868 A.2d 601, 604 (Pa. Super. 2005) (citing *Garr v. Peters,* 773 A.2d 183, 189 (Pa. Super. 2001)). For a finding of civil contempt, the complainant must prove (1) that the contemnor had notice of the specific order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent. *Habjan v. Habjan,* 73 A.3d 630, 637 (Pa. Super. 2013). The alleged contemnor may then present evidence that he has the present inability to comply and make up the arrears. *Id.* The court, in imposing coercive imprisonment for civil contempt, should set conditions for purging the contempt and effecting release from imprisonment with which it is convinced beyond a reasonable doubt, from the totality of the evidence before it, the contemnor has the present ability to comply. *Hyle v. Hyle,* 868 A.2d 601, 604-5 (Pa. Super. 2005).

In the present case, Father violated a Court order, the Order dated April 25, 2024 registering the Foreign Support Order Number 17-01602 issued by the Philadelphia County Court, where he was directed to pay $674.48 per month. As of August 8, 2024, Father was out of compliance of the Order since the beginning of the year in an amount of $5,078.36 with arrears in the total amount of $31,273.15. N.T. 8/2/24, p. 4. 19-22. Since the order was registered in Bucks County, there has been no payments. N.T. 8/2/24, p. 6. 24-25. Father has $25,427.78 from a personal injury settlement held in escrow. N.T. 11/18/24, p. 55. 2-4; See Exhibit M-3, Settlement/Distribution Statement from Hearing dated 12/6/24.

14

This Court points out that Father made similar arguments for his present contempt proceedings in Philadelphia County. Attached as Exhibit C is the Superior Court's recent decision affirming the Philadelphia County's contempt finding. The Superior Court has affirmed the Philadelphia County's Order of finding Father in contempt of an Order dated February 20, 2020 directing Father to pay $674.48 per month for the children. *Batterman v. Santo*, No. 469 EDA 2024, slip op. at *1 (Pa. Super. 2025). The Philadelphia County Court found Father in contempt on January 11, 2024, with a purge amount of $5,000.00. *Id.* at *1.

This Court found Mr. Batterman was not a credible witness. N.T. 12/6/24, p. 30. 19-20. As a result of finding Mr. Batterman in contempt of the Order, Father was sentenced to a period of incarceration at the Bucks County Correctional Facility of six months with a purge condition of paying the $25,000 that he clearly has available to him under the Settlement Distribution Statement. N.T. 12/6/24, p. 31. 1-6. For the stated reasons, we found Father in Contempt of Court for willfully failing to comply with an Order. We found that Father had the present ability to comply with the Support Order and met the purge condition of $25,000. In fact, the $25,000 was paid in full for Father within hours of our contempt Order. Therefore, our Order dated December 6, 2024 should be affirmed.

## CONCLUSION

This Court did not abuse its discretion in issue the Order dated November 18, 2024 denying Father's Petition for Modification and *In Forma Pauperis*. In

15

this Court's Order dated December 6, 2024, this Court did not abuse its discretion in finding Father in contempt. Therefore, our Orders should be affirmed.

BY THE COURT

DATE: 2-3-25

_James M. McMaster, J._