419 A.2d 135
**Denise Louise WORSLEY, Appellant,**

v.

**Robert WORSLEY.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed March 14, 1980.

John J. Robinson, Jr., Upper Darby, for appellant.

Robert Worsley, in pro. per.

Before PRICE, WIEAND,* and VAN der VOORT, JJ.

VAN der VOORT, Judge:

On October 27, 1978, appellant Denise Worsley filed a petition with the court below for leave to proceed in forma pauperis with an action in divorce. The lower court held a hearing on November 15, 1978, at which time appellant was questioned as follows:

THE COURT: I have to ask you this question:

Are you expecting at this time?

THE WITNESS: Yes.

* Judge DONALD E. WIEAND is sitting by special designation.

THE COURT: It's by someone not your husband?

THE WITNESS: Right.

MR. SCHULTZ: Your Honor, I was unaware of that.

THE WITNESS: I just found out.

THE COURT: You see, in order for you to qualify in obtaining a divorce, you have to be the innocent and injured spouse. By that it means that you have to be free from any obstruction in the procurement of a divorce.

Since, apparently, you tell us you're expecting and that your husband is not the father or the expected father of this child, that would disqualify you from being the innocent and injured spouse in procuring a divorce. In other words, putting it simply, you've been fooling around while you've been married to Mr. Worsley, and for that reason we cannot impose the costs of your attempt to obtain a divorce on the county.

So, we have to deny this petition, Mr. Schultz, as you well know.

The court did not inquire into appellant's ability to pay the costs of the divorce action, but denied appellant's petition because it reasoned that appellant could not be an "innocent and injured spouse" and could therefore not be successful in obtaining a divorce.

Pa. Rule of Civil Procedure 1137(a) provides:

Prior to the commencement of the action, or at any time during its pendency, upon petition of a party averring his inability to pay all or part of the costs of the action, the court, *upon being satisfied of the truth of the averments of the petition,* shall enter an order permitting him to proceed upon payment of only those costs which the court finds he is able to pay. Costs include masters' fees and stenographic charges. The petition must disclose his full financial condition including his income and property. No filing fee shall be required for the filing of the petition. (Emphasis added).

In *Boddie v. Connecticut,* 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), the United States Supreme Court ruled

that a state may not deny a person seeking a divorce access to its courts merely because of that person's inability to pay the costs of the proceedings. Rule 1137 was adopted in order to implement the Supreme Court's holding in *Boddie*. The rule does not contemplate an inquiry by the lower court into the merits of the action, but merely requires the lower court to determine whether the petitioner is able to pay all or part of the costs of the action.[1] If the court determines that the petitioner is unable to pay, then the court should, in accordance with Rule 1137, enter the appropriate order permitting the petitioner to proceed in forma pauperis.

In the case before us, the lower court made no determination as to appellant's ability to pay. We therefore remand this case for consideration of appellant's petition.

---

1. In *Smith v. Smith*, 245 Pa.Super. 479, 481–82, 369 A.2d 729, 730 (1977), our Court stated: "The inquiry under Rule 1137 is whether a litigant, in fact, is able to pay costs. Once that factual determination is made by the lower court, *Boddie* requires that the state permit the party to proceed *in forma pauperis*." See also *Schoepple v. Schoepple*, 239 Pa.Super. 557, 361 A.2d 665 (1976).